TIMOTHY D. MORRIS, Plaintiff in Error,

*vs.*

ADDISON BAKER, JOEL B. HUNT and JOSEPH HEATH, Defendants in Error.

ERROR TO RACINE CIRCUIT COURT.

In replevin the officer is authorized to seize the property and hold it a reasonable time for the plaintiff to give the bond required by the statute.

If the plaintiff neglect or refuse to give the replevin bond required by the statute, the officer should redeliver the property to the person from whose possession it was taken.

Where the officer seized the property by virtue of a writ of replevin, and continued to hold the same in his possession, notwithstanding the plaintiff had not given the bond required, the writ was quashed, and judgment of discontinuance and return, and for damages, was properly awarded.

Damages may be assessed in open court by a jury, as well as by a writ of inquiry directed to the sheriff.

Where property was taken upon a writ of replevin and held for a long time, the plaintiff neglecting to give the requisite bond, the rule of damages upon a return of the property in pursuance of that part of the judgment, is: 1. Interest for the time the property was detained upon the value thereof. 2. The amount of any deterioration in value on account of any act done to it by the plaintiff. 3. The expense of replacing the property in the position it was when taken.

Where an action of replevin was commenced against three defendants, all served with process, and two of them appeared and pleaded, and the other moved to quash the writ for irregularity, which motion was sustained; Held, that this operated as a dismissal or discontinuance of the suit against all of the defendants.

The officer, by virtue of a writ of replevin, cannot seize and, without bond, hold the property until the suit is tried and determined, but if the property is taken and the bond is not given within a reasonable time, the suit will be dismissed. In such case, the officer, after waiting a reasonable time, and the bond is not given, should return the property.

THIS was an action of replevin brought by the plaintiff in error, as late sheriff of Racine county, against the defendants in error. The writ was issued on the 23d day of February, and made returnable the third Monday of March, 1855. On the 29th day of February, James O. Bartlett, sheriff of said county, returned the writ with his written return thereto attached, to the

effect that he had executed the command thereof by taking into his custody a part of the property described in the writ; that he had been unable to find all of the property described therein, but all that he had been able to find he had replevied and taken into his possession under and by virtue of said writ; that on the 9th of March, 1855, he had personally summoned Joel B. Hunt and Joseph Heath, and on the 28th day of March, 1855, he personally summoned Addison Baker, by delivering to each of the defendants a copy of the writ, &c.; that the plaintiff had not delivered to him any bond, for the reason that the plaintiff was absent from home and had been gone for and during several weeks then last past. The writ and return were filed in the clerk's office on the 29th March, 1855, and on the same day the plaintiff, by Strong and Fuller, his attorneys, filed his declaration in the usual form, and served a copy thereof on each of the defendants.

On the 30th of March, the defendants Hunt and Heath pleaded the general issue, and gave notice that Hunt was in possession of the goods and had a subsisting interest therein.

On the 12th of April, 1855, at the April term, the defendant Baker, by his attorneys, filed a motion to quash the writ, and to dismiss the writ and all proceedings taken in the cause, on the ground of irregularity, for the reason that no bond had been given or returned with the writ as provided by chapter 119 of the Revised Statutes; and also for other relief, with costs: which motion was accompanied with, and founded upon an affidavit of the said Baker (and the papers on file), stating the personal service of the writ; that the property had been replevied from the defendants, and was then held by the sheriff; that no bond had been returned with the writ or executed in the cause, and that he was wholly without security for the return of the property, or for the damages he should suffer; that the property was owned by Baker, who was justly entitled to the possession of the same at the time it was replevied, deriving his title by virtue of two chattel mortgages; that the property was furniture and furnishings for the "Baker House," in the city of Racine; and that the same was in said house from September, 1854, until the same was wrongfully taken therefrom in February or

March last; that said property was taken by James O. Bartlett, sheriff, who pretended to act by virtue of said writ of replevin, and removed by him to a certain store in said city, where the same now remains under the custody of said Bartlett or Timothy Morris, plaintiff in this suit; that the property was worth about $4,000; that said Baker purchased said mortgages on said property and took possession of the property for the purpose of keeping the same in said "Baker House," of which he was the owner, as furniture for the same; and that by reason of said wrongful acts the house has been closed and its business destroyed.

The motion came on to be heard on the 16th day of April, 1855, when the plaintiff read his return to the writ and an affidavit as follows:

"Timothy D. Morris, being duly sworn, says that he is the plaintiff in said cause; that on or about the 31st day of October, A. D. 1854, he as sheriff of said county, in the discharge of his duty as such sheriff, and executing certain writs of attachments, seized the property named in said writ of replevin; that said Baker went into possession of said property as the bailee of this deponent and promised to deliver the same to him on demand; and that he, this deponent, is solvent and is worth the sum of $3,000, over and above debts and demands against him.

After the argument, and before the decision of the motion, the plaintiff presented in open court, and offered to file a replevin bond in the cause, conditioned, executed, verified and in the penal sum as required by the statute, which offer was rejected by the court, and the plaintiff excepted.

On the 24th of April, the court decided the motion, and ordered judgment of discontinuance against the plaintiff, of return of the property and damages for detention, and ordered a writ of inquiry, &c.

Afterwards, at the October term, 1855, the damages were assessed in open court by a jury.

After the evidence was submitted, the court instructed the jury that on the assessment the rule of damages should be "1. Interest on the value of the property taken for the time it was held. 2. Any depreciation in the value of the property, for

any injury done to it by the plaintiff. 3. The expenses of replacing the furniture in its former position, and fitting it for use. No damages can be allowed for breaking up business, or any injury to the reputation of the house as a hotel, and no exemplary damages can be allowed, but only actual damages according to the propositions above stated." Both parties excepted to the ruling of the court; the plaintiff contending that the defendant was not entitled to any damages, and the defendant claiming damages for interruption of business, loss of custom and profits, &c., &c.

The jury returned a verdict for $80.91, upon which judgment was rendered, to reverse which the plaintiff sued out his writ of error.

*H. T. Fuller*, for the plaintiff in error.

*J. W. Carey* and *Ira C. Paine*, for the defendant in error.

*By the Court*, COLE J. Although our replevin act (*chap.* 119, *R. S.*), does not expressly provide that no action of replevin shall be prosecuted unless a bond is given by the plaintiff in pursuance of section 8; yet we are satisfied by the strongest implication, that such is the intention of the act. In the form of the writ prescribed by section 7, the officer is commanded, *if the plaintiff gives security as required by law, to prosecute his complaint and return the goods and chattels, if return thereof shall be adjudged*, and to pay all sums of money recovered against him—to cause the goods and chattels to be replevied, and delivered to said plaintiff, and then to summon, &c. By section 8, after the sheriff has taken the property, the plaintiff is required to give a bond as therein specified; when this has been done, the officer, upon receipt of the bond, is authorized to deliver possession of the property to the plaintiff, or to his authorized agent. *Section* 9. The obvious intent and object of these provisions are to insure to the person who contests the plaintiff's claim, and out of

Morris vs. Baker et als.

whose possession the property is taken, all reasonable security for the proper prosecution of the suit, and for the return of the property, if it shall be so adjudged, or the value thereof, and damages for its caption and detention.   The bond is a substitute for the pledges at common law: *plegii de prosequendo*, and *plegii de retorno habendo. Bac. Abr. Replevin D.*   The officer is undoubtedly authorized to seize the property described in the writ for the purpose of securing it, and to hold it a reasonoble time for the plaintiff to prepare his bond.   But if the plaintiff neg-lects or refuses to give the bond required, the officer should redeliver the property to the person from whose possession he replevied it.   To permit the officer, in default of such bond being given, to retain possession of the property until the liti-gation is terminated, would, in most cases, be productive of the most flagrant injustice.   Suppose the plaintiff is entirely irre-sponsible, and is defeated in the action, who will compensate the the defendant for the loss he has sustained in consequence of being deprived of the use of the property in the meantime; or perhaps for its unavoidable depreciation in being stored away, or shut up by the officer?   Suppose the property to be cattle, horses, or something of the kind, which require constant care, and may be a source of constant expense;  is the officer to take care of such property, feed it for nothing?  or, in the case sup-posed, of the irresponsibility of the plaintiff, must the defendant, in addition to all other damages sustained by him, pay these charges likewise?   We think these observations are sufficient to show that the construction given this statute by the counsel for the plaintiff in error, is unsound, and ought not to be adopted. We cannot believe that the giving the bond to the sheriff is a condition precedent merely to the delivering of the property to the plaintiff; and that where the bond is not given, the property is to remain in the custody of the officer until the suit is ter-minated.

The writ in this cause was issued on the 23d of February and made returnable on the third Monday in April, 1855.   On the 29th of March, the sheriff returned the writ, with his re-turn indorsed thereon, to the effect that he had executed the

same, by taking into his custody part of the property named in the writ, summoning the defendants in the action, and that the plaintiff had not delivered to him a bond on account of being absent. The same day, declaration was filed, and a copy served upon the defendants. On the 30th, the defendants Hunt and Heath pleaded the general issue, with notice of special matter.

On the 12th of April, the defendant Baker moved to quash the writ and dismiss the suit and all proceedings therein, for the reason that no bond had been given. After hearing the motion, and before the decision thereof, the plaintiff presented in open court, a bond, and asked leave to file it, but the court refused to grant leave, and ordered that a judgment of discontinuance be entered in the cause against the plaintiff; that the property be returned to the defendants; that they recover their damages, sustained by reason of the detention thereof; and that a writ of inquiry issue to assess the same.

It is insisted, that the court erred in giving judgment of discontinuance, generally, upon the motion, since the defendants Heath and Hunt had pleaded to the action. We are of the opinion, however, that the court decided properly. We have already stated, that it was an essential pre-requisite to the prosecution of the action, that the plaintiff prepare his bond within a reasonable time after the officer had seized and taken into his possession, the property. We are now considering a case, where the property mentioned in the writ has been replevied by the officer. Sections 12 and 28, make provision for the trial of the cause, where the property has not been replevied and delivered to the plaintiff. That is not this case. Here, the property was replevied, and the plaintiff neglected to give the requisite bond until a motion had been filed and argued, to discontinue upon that ground. Two of the defendants had pleaded, thus indicating a willingness, perhaps, to waive, as far as they were concerned, the irregularity of the plaintiff in not filing his bond. But they could not, by pleading, conclude their co-defendant of his right to take advantage of it. The objection taken, went to the writ and very foundation of the action. That being the case, it is difficult to comprehend how the writ could be quashed and the suit

dismissed, as to one defendant, and still proceed as to the other defendants. What would be the effect of the judgment of discontinuance upon the property? The action of replevin is a proceeding partly *in rem.* *Sharpe vs. Whittenhall,* 3 *Hill,* 576. The object, purpose and effect of the writ are to take property from the possession of the defendant, and transfer it to the plaintiff, until the contest about the title is settled. So, ordinarily, where judgment of discontinuance is entered, the property, as in this case, is returned to the defendant. But if this motion had not been granted generally, what would have become of the property replevied from the defendants? Would it have remained in the possession of the plaintiff or the officer, until the suit, as to Hunt and Heath, was terminated? If so, the situation of the plaintiff would be improved, perhaps, from the discontinuance of the suit, as to Baker. Under the circumstances, and from the necessity of the case, we think, that when the suit was discontinued as to one defendant, it had to be as to all.

The counsel for the plaintiff in error has taken exceptions to the ruling of the Circuit Court, upon the execution of the writ of inquiry in open court, as to the measure of damages. We are of the opinion that the rule laid down by the Circuit Court was quite as favorable for the plaintiff in error as the facts of the case would warrant, and that he has no just ground of complaint. He insists that the defendants were not entitled to any damages, but only costs, because, although the property had been replevied, it had not been delivered to the plaintiff, and relies upon section 39, to sustain this position. That provision does not apply to this case, since the property was replevied from the possession of the defendants, and removed from the hotel. The defendants were deprived of the use of it for some weeks. And it was perfectly right and proper that they should be paid for this use by receiving interest upon its value while it was thus out of their possession, as well as damages for the depreciation of the property, or injury done it by the plaintiff, and the necessary expense of placing the furniture in its former position, fitted for use.

The counsel for the defendants in error has questioned the

soundness of this rule adopted by the Circuit Court, but as we do not understand him as asking for the reversal of the judgment, we do not feel called upon to enter upon a discussion of the points made by him upon this branch of the case. We have already intimated that the instructions of the Circuit Court as to the measure of damages, were quite as favorable to the plaintiff in error, as the facts of the case would justify. *See Sedg. on Damages, chaps. 20 and 22, and cases there cited.*

The judgment of the Circuit Court is affirmed.