HOHENTHAL, Appellant, v. WATSON, Respondent.

1. A party can not assign for error that which is beneficial to himself and prejudicial to the opposite party alone.
2. Where, in an action for the possession of personal property, the plaintiff gives bond and receives possession of the property, and the cause is tried by a jury, the jury, regularly, in case of finding for the defendant, should assess the *value* of the property, as also the damages.

*Appeal from St. Louis Court of Common Pleas.*

The facts sufficiently appear in the opinion of the court.

*Krum & Harding*, for appellant.

I. The court below erred in directing the clerk to disregard the finding of damages contained in the verdict of the jury and to enter judgment for the defendant, with an order for a future assessment of damages. If a jury return an imperfect verdict, they may be directed to retire and correct it. (2 Greenl. R. 37; 1 A. K. Marsh. 67.) But where the jury themselves have erred in matter of substance, as by finding for the wrong party, or for a larger or smaller amount than was proper, and have separated, the court can

not amend the verdict, though it may set it aside and grant a new trial. (2 Greenl. R. 37 ; 7 Metc. 46.) In this case the verdict was in form and needed no amendment. The jury found upon the issues which the court itself had directed them to find upon. The court having charged the jury with the assessment of damages, their verdict so affected the rights of the parties as to place it beyond the power of the court in respect to the amendment ordered.

*Mc Clellan, Moody & Hillyer*, for respondent.

I. The error complained of could in nowise affect the rights of the plaintiff. The only party who had any reason to complain was the respondent. The court instructed the jury erroneously no doubt ; but how could it affect the plaintiff's right ? The court properly disregarded that portion of the verdict concerning the damages, and regarded it simply as a verdict for the defendant. The defendant lost his damages, and recovered only the value of the property as assessed by the court. He is the only party that suffered by the ruling of the court.

NAPTON, Judge, delivered the opinion of the court.

The proceedings in this action, which under common law forms would have been replevin, are regulated solely by the statute. Where the plaintiff is nonsuited, a writ of inquiry must issue to ascertain the value of the property, if the plaintiff has possession of it, and to assess the damages for its taking or detention. Where, however, the case is tried, the jury should regularly assess the value of the property taken in case of a finding for the defendant and where the plaintiff is in possession, and should also assess the damages. This can all be done and ought regularly to be done by the same jury. The ascertainment of the value of the property is essential, as the judgment in such cases must be against the plaintiff and his securities, that he return the property taken or pay the value so assessed and the damages and costs.

In this case, under instructions from the court, the jury

merely assessed the damages in their verdict for the defendant, but did not assess the value of the property. The court, treating the verdict as simply one for the defendant upon the main issue, and disregarding their finding of the damages, refused to set it aside on account of the failure to find the value, but let it stand as a verdict for defendant, and ordered an inquiry to ascertain the value of the property taken, which was accordingly made by the court, neither party requiring a jury.

The proceeding was not regular, but we do not perceive how the plaintiff could possibly be injured by it. The finding for damages against the plaintiff was disregarded, and in the inquiry afterwards had no damages were assessed, but the value of the property was ascertained and a judgment entered for its return or the payment of its value, without damages. The only purpose which the plaintiff could have in view by such a motion would be a new trial on the merits, and this he demands, not because any error was committed in the trial before, so far as they are concerned, either by the court or jury, but simply because the jury failed to find, as they should have done, the value of the property—a matter which could only be prejudicial to the defendant.

Judge Richardson concurring, the judgment is affirmed.

Judge SCOTT, dissenting. I know no law nor practice which warrants the trying one-half of a cause by one jury and the other half by a different jury. If the jury first sworn to try the cause failed to assess the damages, their verdict should have been set aside, and a *venire de novo* awarded. There was no authority in the court to have summoned a second jury to supply the omissions of the jury first sworn. After the court had determined that there should be a second jury, there was no waiver of the error in consenting that the assessment of damages should be made by the court.