SELIGMAN HOHENTHAL *et al.*, Respondents, *v.* WILLIAM B. WATSON *et al.*, Appellants.

*Equity—Injunction—Execution.*—Where an officer under an execution against A. seized personal property as belonging to A., which was replevied by B., and at the trial of the replevin judgment was given in favor of the officer against B., and his securities in the replevin bond for the full value of the property seized, and B. afterward procured from A. an assignment of the surplus fund remaining after paying the execution and costs; *held*, that B. had no equity to enjoin the officer from collecting the full amount of the judgment rendered in his favor. (Bay, J., dissenting.)

*Appeal from St. Louis Court of Common Pleas.*

*Krum & Harding*, for appellants.

Appellants submit the following points:

I. The value of the property wrongfully taken from Watson by the writ of replevin is fixed by respondents' petition, affidavit and bond, so as to be conclusive upon them.

II. The verdict and judgment in the replevin suit show that Hohenthal was a mere wrongdoer, so far as relates to these goods. He had no title to them; he got $442 worth of goods, and ought to pay for them.

III. Hohenthal has no equity here; he has been helping, or trying to help, Blum to defraud his creditors, and has no right to complain of the legal consequences.

IV. The alleged assignment by Blum to Hohenthal of his claim against Watson for any overplus was clearly an attempt to avoid the payment of the second execution of Adler & Co. v. Blum, on which Watson had been previously garnished. It is a fraudulent donation by Blum to Hohenthal to avoid the payment of a just debt.

V. The statute imperatively requires the damages and value of the property to be assessed against the respondents, without any reference whatever to defendants' title, or to the amount of execution levied on it. (R. C. 1855, p. 1245, § 11, and note.)

The injunction ought not to have been granted; it should have been dissolved. Watson should be permitted to en-

force his execution to pay the amount for which he is held as garnishee of Blum, and also reasonable attorney's fees for the defence of the replevin suit in this court and in the court below. The agreed statement in the record shows that these exceed the balance of the execution.

*J. C. Moody*, for respondents.

I. Watson, the constable, can claim no more than the amount of his execution and costs in the justice's court; he had possession of the property only for the purpose of satisfying that debt; it was a special lien, and being fully satisfied the special property created by it is destroyed, and the right to possession and ownership reverts to Blum.

II. Blum has assigned all his interest to Hohenthal—all the rights which he had are transferred by the assignment to Hohenthal, who thereby is substituted in his place.

III. The assignment by Blum to Hohenthal is effectual; no fraud is charged or proven to avoid it. To permit an execution creditor to collect a judgment when his debt has been fully satisfied would be iniquitous. The principles involved in this case are fully ajudicated in Dilworth v. McKelvy, 30 Mo. 149.

The 11th sec. of the act concerning claim and delivery of personal property (R. C. 1855, p. 1242) is construed (not as appellants contend) to vest the right in a defendant, to obtain judgment for the whole value of the property, but merely the amount of their interest, unless the plaintiff be a stranger.

Where, however, the ownership is in the plaintiff by assignment, as in this case, the defendant Watson could not be liable over to any party; he obtains not only satisfaction of his own lien, but gift of the residue.

Blum has assigned his ownership to respondents. Watson is fully protected; he has obtained full satisfaction of his judgment.

The claim of appellant for attorney's fees fails, because it appears he is not liable for them, not having employed any

attorney to represent him; but, as usual, such liability in this case was incurred by the execution creditor.

He is not liable as garnishee for several reasons:

1. His right to the money arises only from the fact that he is a public officer, and as such cannot be garnished. (Drake on Attach., § 484; Marvin v. Hawley, 9 Mo. 378 or 382.)

2. He has only obtained a judgment for the money; he has neither money nor property of Blum's in his possession.

3. The relation of debtor and creditor must exist to create the right to garnish; but Watson, the constable, can in no event be considered a debtor of Blum; his right to possession arises only by the fact of the former levy; the relation of debtor and creditor does not exist. (Eddy v. Heath, 31 Mo. 143.)

If the judgment of the Common Pleas be reversed, Watson obtains the money, without liability to account to any party.

BATES, Judge, delivered the opinion of the court.

Watson, a constable, had an execution against one Blum, and under it seized personal property. Hohenthal sued Watson for the property so seized, and under the provisions of the statute in respect to the claim and delivery of personal property received possession of it. At the trial of that case judgment was given for the defendant Watson, against Hohenthal and his securities, for the value of the property, which value exceeded the amount of the execution against Blum. Execution was issued upon the judgment, and this suit was brought by the defendants in the execution to enjoin the collection of more than enough to pay the costs of that suit and the whole execution against Blum. The petition stated (and the answer did not deny) that Blum had assigned to these plaintiffs all his interest in the surplus funds which would remain in the hands of said Watson after paying the full amount of said debt, interest and costs, if the whole amount of the execution in said sheriff's hands were collected. Watson stated in his answer, and the fact appeared at the trial, that before the filing of plaintiffs' pe-

tition herein, and before said assignment from Blum to plaintiffs, and since the rendition of the judgment in favor of Watson against the plaintiffs, Watson had been garnished upon an execution issued against Blum, and Watson averred that he was liable to pay the amount of that execution.

Watson also claimed that he was liable for the payment of attorney's fees in the case of Hohenthal against him (which case came to this court, and is reported in 28 Mo. 360) ; but it appeared at the trial that the attorneys did not look to him for their fees, but to the plaintiffs in the original execution against Blum; and we are not warranted in giving an opinion whether he could, if himself liable for those fees, pay them out of the property seized as Blum's. At the trial it appeared that the plaintiffs had then paid to the defendants the full amount of the original execution against Blum, and the court gave judgment for the plaintiffs, enjoining perpetually the collection of any further sum.

The defendants appealed to this court. It is not perceived upon what ground of equity the Court of Common Pleas relied in enjoining the collection of a portion of Watson's judgment against Hohenthal and his securities. At the time of the rendition of the judgment, the defendants could not dispute Watson's right to receive the whole of it in money. The fact that they have since acquired from a stranger a claim against Watson does not of itself entitle them legally or equitably to have that claim set off against Watson's judgment, and Blum is a stranger to the judgment ; he was not a party to the suit, nor did he sustain any such relation to Watson as would have authorized him to control the suit. Admitting, for the sake of the argument, that Blum would be entitled to receive of Watson the sum which he is now enjoined from collecting when Watson shall have received it, it is, nevertheless, a right of no such sacred character as would have authorized the Court of Common Pleas to have ordered Watson to pay it to him without the usual forms of a civil action, and the plaintiff did not by the assignment from Blum acquire any greater right against

Watson than if they had bought his promissory note from any other stranger. We cannot sanction a principle which would authorize a defendant in an execution to buy up claims against the plaintiff, and force him to accept them in payment by enjoining him from the enforcement of the execution to the amount of the claim so bought up. When a cause has proceeded to final judgment, the losing party should not be permitted to continue the litigation by voluntarily acquiring new claims against the gaining party, and setting them up in bar of the execution of the judgment.

Watson's accountability to Blum is not a proper subject of adjudication in this case.

Judgment reversed; Judge Dryden concurs; Judge Bay dissents.

BAY, Judge. I cannot concur in the opinion given in this case by a majority of the court. In my judgment, the facts contained in the agreed statement, together with those admitted by the pleadings, present a case which calls for the interference of a court of equity. The justice's judgment against Blum had been fully satisfied, and the surplus fund (which is treated by the parties as representing the property levied upon by Watson) transferred and assigned by Blum to Hohenthal.

Watson had no personal interest in enforcing his judgment against Hohenthal, except so far as to obtain the means to satisfy the execution against Blum; and as that had been paid, it follows that whatever amount Watson might collect on his execution against Hohenthal, would have to be paid back to Hohenthal as assignee of the property or surplus fund. It is true that if Watson refused so to pay it, Hohenthal might recover against him in an action at law, but he would necessarily have to risk the possible insolvency of Watson pending the suit. Courts of equity have always claimed and exercised the right to interpose their authority to prevent circuity of action. It is also a well established principle in equity jurisprudence, that any fact which clearly proves it to

be against conscience to execute a judgment at law, will authorize a court of equity to interfere by injunction. It would certainly be against conscience to force Hohenthal to pay an execution, the proceeds of which when paid would belong to himself.