———o———

WESLEY WHITE, Appellant, vs. S, VAN HOUTEN, et al., Respondents.

1. *Replevin—Damages and costs should be estimated in the same suit.*—Where judgment is against plaintiff in a replevin suit and defendant fails to have his damages assessed in that proceeding, he cannot afterward bring his separate action against plaintiff and his sureties for the amount of damages suffered.— The statute (2 W. St., p. 819, § 15,) contemplated that when a replevin suit was prosecuted to final judgment, all questions of value, damages and costs should be disposed of in the same proceeding.

*Appeal from Linn Circuit Court.*

*S. P. Huston,* for Appellant.

I. The complaint does not show that the matter has been adjudicated. If no damages were assessed on the trial of claim and delivery they could be recorded by a common law action on the bond. (Collins vs. Hough, 26 Mo., 149; Berghoff vs. Hechwolf, *Id.*, 511; Hansard vs. Reed, 29 Mo., 472; Eliott vs. Black, 45 Mo., 372.)

If the damages had been inquired into and the matter had been adjudicated, it was matter of defense, and appellant was not required to negative it in his complaint.

II. The complaint assigns for breach of the bond failure to prosecute the appeal with effect. (Smith vs. Winston, 10 Mo., 299; Berghoff vs. Hechwolf, 26 Mo., 149.)

*W. H. Brownlee,* for Respondents.

This is a statutory proceeding, and the statute (W. S., 819, § 15,) directs what the judgment must be. This case being prosecuted to final judgment before the justice, and judgment having been rendered for return of property and costs against appellees by reason of their obligation on the bond, and that judgment being fully performed by them, another action will not lie on the bond against them for the damages, if any, neglected to be inquired of at that trial. Appellant has had his day in court. (Hohenthal vs. Watson, 28 Mo., 360; Chambers vs. Waters, 7 Cal., 390; Millett vs. Hayton, 1 Wis., 401.)

WAGNER, Judge, delivered the opinion of the court.

The respondent, Van Houten, commenced an action under the statute, for the claim and delivery of personal property, before a Justice of the Peace, to recover possession of a horse, gave bond with the other defendants herein, as sureties, and received possession of the horse. Upon the trial before the Justice, Van Houten failed to recover, the jury found the horse to be the property of White, the defendant in that case and plaintiff here, and also found his value. The usual judgment was rendered, against Van Houten and his sureties for the re-

turn of the property, or the payment of the value and costs. Van Houton complied with and performed the judgment, by delivering to White the horse and paying the costs. When this case was before the Justice, White neglected to introduce evidence in regard to his damages, and no damages were found or assessed upon the trial. White then brought this action against Van Houten, and his sureties on his bond alleging as his cause of action, that Van Houten had failed to prosecute his suit with effect, also showing by his complaint, that the first suit had been prosecuted to final judgment.

This trial was had before a Justice of the Peace and jury, and plaintiff had a verdict for fifteen dollars and sixty cents.

The respondents appealed the case to the Circuit Court, and in that Court they filed a motion to dismiss the suit, for the reason, that the complaint shows, that the matters stated were *res judicata*, and that no breaches were assigned. This motion was sustained and the suit dismissed, and the plaintiff appealed to this court.

The statute provides in cases of this kind that the judgment shall be against the plaintiff and his sureties; that he return the property taken, or pay the value assessed, at the discretion of the defendant, and also pay double the damages for the detention of the property and costs of suit. (2 W. S., p. 819, § 15.)

The law surely contemplated, that when the case was prosecuted to final judgment, all questions of value, damages and costs, should be disposed of in the same proceeding.

The cases cited by the counsel for the appellant are not applicable.

Berghoff vs. Hechwolf, *et al.*, (26 Mo., 511,) was an action instituted under the code of 1849, and the plaintiff took a nonsuit, preventing a judgment being rendered against him for a return of the property, or for damages, and it was held, that if plaintiff voluntarily takes a non-suit, it will amount to a breach of the condition of the bond, and the obligee may, in an action on the bond, recover full damages, without first obtaining a judgment for the return of the property or for damages.

The same doctrine is reiterated in Hansard vs. Reed, (29 Mo., 472,) but both these cases were governed by the code of 1849 and the replevin act of 1845.

But in Hohenthal vs. Watson, (28 Mo., 360,) it is expressly decided, under our present practice act, that when in an action for the possession of personal property, the plaintiff gives bond, and receives possession of the property, and the cause is tried by a jury, the jury regularly, in case of finding for the defendant, should assess the value of the property, as also the damages.

When a trial is had, it was intended, that all matters growing out of the controversy, should be finally determined in one and the same suit. The object was to prevent multiplicity of suits, and prevent the practice of trying one half of the cause before one jury, and then resort to another suit, to try the remainder of the cause, before another jury, which would unnecessarily harrass parties, and produce needless litigation, and accumulate costs. The damages are incident to the actions, and spring immediately out of it, and ought to be determined when the action progresses. When the property was adjudged to be returned, if no evidence was given in regard to the question of damages, the judgment should have been for nominal damages, but as no objections were made by the plaintiff on that account he cannot take advantage of it now.

Judgment affirmed, all the Judges concurring.