FRANK E. TEEL ET AL. V. NELLIE E. MILES.

FILED MAY 18, 1897. No. 7333.

1. **Trespass by Officer Executing Writ: PLAINTIFF'S LIABILITY.** One who delivers to an officer a valid writ without direction as to the manner of its service will not, except in case of subsequent ratification, be liable for torts committed by such officer while engaged in the execution thereof. (*Murray v. Mace*, 41 Neb., 60.)

2. Replevin: DAMAGES. The successful party to an action of replevin should recover therein all damage which he has actually sustained by reason of the unlawful detention of the property in controversy.

3. ———: ———: RES JUDICATA. A defendant who has in an action of replevin recovered judgment for the return of the property and his damage for the wrongful detention thereof cannot thereafter maintain an action against the plaintiff for damage on account of depreciation in the value of such property while in possession of the latter.

ERROR from the district court of Frontier county. Tried below before WELTY, J. *Reversed.*

*Hastings, McGintie & Sands,* for plaintiffs in error.

*L. M. Graham* and *W. R. Starr, contra.*

POST, C. J.

This was an action by the defendant in error, Nellie E. Miles, as plaintiff, in the district court for Frontier county, in which the defendants therein, Frank E. Teel and A. S. Sands, were jointly charged (1) with the wrongful and forcible entering of the plaintiff's premises and the driving away of thirty-two head of horned cattle and nine horses, to the plaintiff's damage in the sum of $40; (2) the breaking down and destroying of plaintiff's fence, to her damage in the sum of $35; (3) the failure to properly feed and care for the stock so wrongfully taken while in defendants' possession, to-wit, for the period of eight weeks, to plaintiff's damage in the sum of $200. The defendants answered jointly, admitting the taking, by the defendant Teel, of certain cattle and horses from the plaintiff's premises and possession as charged, but alleging that in taking said property said Teel acted in his official capacity as sheriff of Frontier county, in the execution of a certain order of replevin, issued out of the county court for said county, in an action therein pending, wherein the defendant Sands was plaintiff and the said plaintiff, Nellie E. Miles, was defendant. It was further alleged that, previous to commencement of this

action, final judgment was rendered in the replevin suit in favor of the said Nellie E. Miles, as defendant, for a return of the property taken under and by virtue of the aforesaid order, and for the sum of $5 damage for the wrongful detention of said property, and that said judgment had been satisfied by the payment in full of the damage and costs so awarded and the return of said property, except one horse and one cow, for which full settlement had been made by the plaintiff therein, Sands. The answer also contains a denial in general terms of the other allegations of the petition. The reply was a general denial. There was a trial of the issues thus joined, resulting in a verdict for the defendant Teel, and a verdict and judgment against Sands in the sum of $100, from which the latter prosecutes error.

It is first argued that there is in the record no foundation for the theory upon which the action was prosecuted to judgment, viz., that the defendants below were joint trespassers being engaged in the abuse of the writ held by Teel. That proposition, so far as it applies to the taking of the property and alleged destruction of defendant in error's fences and consequent damage, is undoubtedly sound. The action is to that extent, at least, one sounding in tort, and in order to render the plaintiff in error liable for the alleged wrongs it must be made to appear that he was a party thereto. It was held in *Murray v. Mace*, 41 Neb., 60, that one who, with knowledge of the facts, advises the abuse of process by an officer, or who, being a party to such process, subsequently ratifies unlawful acts committed in its execution, will be deemed a wrong-doer from the beginning; but one who merely delivers to an officer a valid writ, without direction as to the manner of its service, will not, in the absence of a ratification, be held liable for torts committed in the execution thereof. There is in this case an entire failure of the proof to connect plaintiff in error with the acts of the sheriff in the execution of the writ; hence there was, as regards that issue, no question for submission to the jury.

It is next contended that the judgment in the replevin suit is a bar to the claim on account of plaintiff in error's alleged failure to properly feed and care for the stock described while in his possession. The measure of damage in actions of replevin has been the occasion of much controversy and diversity of opinion. It may, however, be asserted, as the result of adjudications under statutes substantially similar to our own, that in every action of replevin the plaintiff or defendant, as the case may be, should recover all damages which he has actually sustained by reason of the wrongful detention of the property in controversy. Section 191 of the Code provides: "In all cases where the property has been delivered to the plaintiff, where the jury shall find upon issue joined for the defendant, they shall also find whether the defendant had the right of property, or the right of possession only, at the commencement of the suit, and if they find either in his favor they shall assess such damages as they think right and proper for the defendant." Section 191a (5754, Compiled Statutes, 1895) provides: "The judgment * * * mentioned in sections 190 and 191 and 1041 of said Code, shall be for a return of the property or the value thereof in case a return cannot be had, or the value of the possession of the same, and for damages for withholding said property, and costs of suit." And section 192 provides as follows: "In all cases, when the property has been delivered to the plaintiff, where the jury shall find for the plaintiff, on an issue joined, or on an inquiry of damages upon a judgment by default, they shall assess adequate damages to the plaintiff for the illegal detention of the property; for which, with costs of suit, the court shall render judgment for the defendant [plaintiff]." These provisions, it would seem, contemplate the assessment in the replevin action of all damage resulting from the unlawful detention of the property, including its use, and the depreciation thereof in value while so detained. (*Hooker v. Hammill*, 7 Neb., 231; *Moore v. Kepner*, 7 Neb., 291; *Morris v. Baker*, 5 Wis.,

39

389; *Wadleigh v. Buckingham*, 80 Wis., 230; *Brewster v. Silliman*, 38 N. Y., 423; *Allen v. Fox*, 51 N. Y., 562.) The unlawful detention in such case is, in contemplation of statute, a single cause of action in favor of the successful party, whether plaintiff or defendant, and the remedy therefor is exhausted by a single recovery.

The plea of *res judicata* was sustained by the record of the former judgment. It follows, therefore, that the district court erred in submitting the cause to the jury and in refusing to set aside the verdict rendered, for which the judgment is reversed and the cause remanded.

REVERSED.