DREWYOUR *v.* MERRELL.

REPLEVIN—DAMAGES—RES JUDICATA.

  A defendant in replevin who takes judgment for the return of
    the property, but refuses to assess his damages for the seizure
    and detention, cannot afterwards maintain a separate action
    therefor.

Error to Monroe; Kinne, J. Submitted April 6, 1897.
Decided May 25, 1897.

Case by William Drewyour against John H. Merrell
and another for the unlawful detention of plaintiff's horse.
From a judgment for plaintiff on verdict directed by the
court, defendants bring error. Reversed.

*Randall & Corbin*, for appellants.

*John O. Zabel*, for appellee.

HOOKER, J. The only question that need be discussed
in this case is whether a defendant in a replevin case, who
appeared and took judgment for the return of the prop-
erty upon discontinuance by the plaintiff therein, but
refused to prove or claim his damages for the seizure and
detention of the property by virtue of the writ, may after-
wards recover such damages in an action brought for the
purpose. There is probably no doubt that a judgment for
damages would have been a bar had the defendant as-
sessed his damages, as he might have done. 2 How.
Stat. §§ 8346–8349, provide for a judgment for damages
in favor of the defendant where he is entitled to them,
and indicate an intent upon the part of the legislature to
have them assessed in the replevin case, rather than
by separate action. We are not cited to any case which
supports the appellee in his contention, while there are

several to the contrary. See *Hohenthal* v. *Watson*, 28 Mo. 360; *White* v. *Van Houten*, 51 Mo. 577; *Thisler* v. *Miller*, 53 Kan. 520. In Cobbey on Replevin (section 1170) the author says:

"Where a trial in replevin is had, all matters growing out of the controversy should be finally determined in that suit. If judgment is against plaintiff, and defendant neglect to have his damages assessed in the replevin action, he cannot afterwards bring his separate suit for the amount of damages suffered."

And, again, in section 1178, he says:

"It [the judgment in replevin] is conclusive and final on the subject of damages, or other secondary matters necessarily involved in the litigation of the main question."

In *Delevan* v. *Bates*, 1 Mich. 97, this court say:

"In that action [replevin] he was also entitled to recover his damages for the detention, and whether he claimed such damages, or had them assessed, or not, is entirely immaterial so far as this case is concerned, *a waiver of damages being equivalent to a satisfaction.*"

Here, Bates was the plaintiff, and the court seem to intimate that, while he might bring replevin or trespass, he should assess his damages in the action brought, and not split up his cause of action by recovering possession in one and damages for the detention in another.

The judgment is reversed, and no new trial ordered.

The other Justices concurred.