Argued January 31, reversed February 26, rehearing denied April 9, second petition for rehearing denied June 4, 1929.

## E. E. GUST v. EDWARDS COMPANY.

(274 Pac. 919.)

For appellant there was a brief over the names of *Mr. W. B. Shively* and *Messrs. Winter & Maguire,* with an oral argument by *Mr. John P. Winter.*

For respondent there was a brief over the name of *Mr. Johnston Wilson,* with an oral argument by *Mr. Elton Watkins.*

BELT, J.—Edwards Company commenced an action in replevin against plaintiff to recover possession of certain household furniture sold under a conditional sales contract. The sheriff, upon execution of bond, took possession of the property and delivered it to the Edwards Company. The plaintiff herein answered in the replevin action and denied the right of the furniture company to possession, but did not ask for a return of the property or for damages. A verdict was returned in favor of defendant, reciting therein that she was entitled to a return of the prop-

erty and assessing its value at $844.75. Judgment was entered accordingly. In compliance with . the judgment, Edwards Company returned the property to the plaintiff herein and paid the costs.

Thereafter plaintiff commenced this action to recover damages by reason of the wrongful act of the defendant in replevying the furniture. The complaint has none of the essential allegations of an action for malicious prosecution. It is not alleged that the replevin action was instituted maliciously and without probable cause. Neither does the complaint sound in abuse of process. Defendant, aside from denying the damages alleged to have been sustained, alleges in substance that the judgment in the replevin action is a bar to the prosecution of this action. Verdict and judgment were had in favor of plaintiff for $4,600. Defendant appeals.

*Res adjudicata* applies. Plaintiff had her day in court relative to the question of damages. True, it was not made an issue in the replevin action, but it could have been. Damages were an incident of the main issue, that is, the right to possession of the property, and should have been adjudicated in that action. Modern authority frowns upon multiplicity of suits. Under the common law, damages could not have been made an issue in a replevin action, but this rule has been changed by statute so that all matters which are a part of a single controversy may be determined in one proceeding. In a replevin action each of the parties is, in a sense, an actor or plaintiff. Each may assert title and the right to possession of the property and may claim damages by reason of its wrongful taking and detention. It would thwart the purpose of the statute were we to so con-

strue it as to allow a prevailing party in a replevin action to have a jury determine the main issue, or the right to possession of property, and, in another and independent proceeding, have a jury pass on an issue of damages which is only incidental to and arises out of the wrongful retention of the property. A party should not thus be permitted to split a cause of action or defense. The damages alleged in this case arose out of the wrongful detention of personal property and should have been litigated in the former action. We have no reference to damages claimed on account of the malicious prosecution of a replevin proceeding, as such might well be considered a different cause. What we have said must be considered in the light of the question before us for decision.

At this juncture we may well refer to the statute. Section 153, Or. L., provides:

"In an action for the recovery of specific personal property, if the property have not been delivered to the plaintiff, or the defendant by his answer claim a return thereof, the jury shall assess the value of the property, if their verdict be in favor of the plaintiff, or if they find in favor of the defendant, and that he is entitled to a return thereof, and may at the same time assess the damages, if any are claimed in the complaint or answer, which the prevailing party has sustained by reason of the detention or taking and withholding such property."

Section 198, Or. L.:

" * * If the property have been delivered to the plaintiff and the defendant claim a return thereof, judgment for the defendant may be for a return of the property, or the value thereof in case a return cannot be had, and damages for taking and withholding the same."

This court, in *Peacock* v. *Kirkland*, 74 Or. 279 (145 Pac. 281), had occasion to consider the above sections in a case wherein plaintiff, who was the defendant in a replevin action, sought to recover damages on account of a wrongful detention of property. In the replevin case the defendant prevailed, but had not claimed damages. This court said:

"In the replevin action here involved there was an opportunity offered by Sections 153 and 198 L. O. L., to settle the status of the property and the amount of damages to be assessed against the plaintiff there if such was the right adjudication of the issue. The judgment there is conclusive of the rights of the parties on the merits of the action, and while that decision stands we cannot go behind it and determine questions that should have been litigated in that action. The principle is enunciated by Mr. Justice Ramsey in *Yuen Suey* v. *Fleshman,* 65 Or. 606, 615 (133 Pac. 803, 806, Ann. Cas. 1915A, 1072), in this language: 'A judgment or a decree upon the merits is a bar to a subsequent action or suit between the same parties, upon the same claim as to every matter that was, or might have been litigated'—citing *Ruckman* v. *Union Ry. Co.,* 45 Or. 578 (78 Pac. 748, 69 L. R. A. 480); *White* v. *Ladd,* 41 Or. 324 (68 Pac. 739, 93 Am. St. Rep. 732); *Belle* v. *Brown,* 37 Or. 588 (61 Pac. 1024); *Morrill* v. *Morrill,* 20 Or. 96 (25 Pac. 362, 23 Am. St. Rep. 95, 11 L. R. A. 155)."

We cannot agree with counsel for respondent that what was said by Mr. Justice BURNETT in the Peacock case was *dictum* and unnecessary to a decision. It was pertinent to the issue and, furthermore, is supported by the weight of authority: Cobbey on Replevin (2 ed.), §§ 847, 893; Freeman on Judgments (5 ed.), § 597; *Van Horne* v. *Treadwell,* 164 Cal. 620 (130 Pac. 5); *Jackson* v. *Morgan,* 49 Ind. App. 376 (94 N. E. 1021); *Stevens* v. *Tuite,* 104 Mass. 328; *White* v. *Van*

*Houten,* 51 Mo. 577; *Teel* v. *Miles,* 51 Neb. 542 (71 N. W. 296); *Mounts* v. *Murphy,* 126 Ky. 803 (104 S. W. 978); *Drewyour* v. *Merrell,* 112 Mich. 681 (71 N. W. 486). For authority to the contrary, see *Bowen* v. *King,* 146 N. C. 385 (59 S. E. 1044); *Crump* v. *Love,* 193 N. C. 464 (137 S. E. 418); *Gould* v. *Hayes,* 71 Conn. 86 (40 Atl. 930); *Johnson* v. *Boehme,* 66 Kan. 72 (71 Pac. 243, 97 Am. St. Rep. 357); 34 Cyc. 1571. We are not unmindful that the statutory provisions of the various states relative to assessment of damages in replevin actions differ as to being permissive or mandatory. However, in such well-considered cases as *Stevens* v. *Tuite, supra,* the court based its decision upon well-established principles of *res adjudicata* and not upon the particular terms of the statute. We see no reason to depart from the law as declared in *Peacock* v. *Kirkland, supra.* It is controlling here.

It follows that the judgment in favor of plaintiff is reversed and the action is dismissed.

REVERSED. REHEARING DENIED.

BEAN, McBRIDE and BROWN, JJ., concur.