### Charles G. Hutchinson v. Jennie C. Hutchinson.

1. PRACTICE—*Where, Because of Incomplete Records, the Court is Unable to Determine Whether the Trial Court Erred.*—Where, because of the incompleteness of the records, this court is unable to determine whether the trial court erred in making the order it did, the order may be affirmed or the appeal dismissed.

Hutchinson v. Hutchinson.

**Solicitor's Fees.**—Appeal from the Circuit Court of Cook County; the Hon. EDMUND W. BURKE, Judge presiding.  Heard in this court at the March term, 1902.  Dismissed.  Opinion filed January 8, 1903. Rehearing denied February 9, 1903.

JAMES MAHER and FRANK P. BLAIR, attorneys for appellant.

BANGS, WOOD & BANGS, attorneys for appellee.

MR. JUSTICE WINDES delivered the opinion of the court.

These appeals were taken by appellant from orders of the Circuit Court, in the first case, from an order under date of October 11, 1901, directing that appellant pay the sum of $2,000 for solicitor's fees of appellee in the Supreme Court of Illinois, for services of her solicitors in defending an appeal taken to that court from the judgment of this court, affirming a decree of separate maintenance in favor of appellee and against appellant, rendered by the Circuit Court; in the second case from a like order, under date of October 28, 1901, for $2,000 for appellee's solicitor's fees for the same services for which the order of October 11th was entered; and in the third case from an order of $350 for appellee's solicitor's fees in this court for defending an appeal taken from the Circuit Court from the said order of October 11th.

It also appears that on September 17, 1901, the Circuit Court had entered an order allowing the sum of $2,000 for appellee's solicitor's fees for the same services for which the said orders of October 11th and 28th were entered, and appeal by appellant from which first order is now pending in this court.

A motion was made by appellee in each of the above entitled appeals to dismiss the same, for the reason, as it is claimed, that it does not appear by the record in either of said appeals, that the appeal bonds were ever approved by the Circuit Court.  The decision of these motions was reserved to the hearing.  Each of said bonds has indorsed upon it the following:  "Approved, Edmund W. Burke, Judge," and a date corresponding with the date each of the

bonds was filed.  In each of the records it appears that Judge Edmund W. Burke entered the several orders, from each of which appellant prayed an appeal; that said judge, in each instance, fixed the time within which an appeal bond should be filed; that within that time the bond, in due form, with surety, was filed with the clerk of the court and each bond was indorsed by the same judge as above stated.  We think appellant did all that he could to perfect his appeal in each case, and that it sufficiently appears that his several bonds were approved by the judge of the Circuit Court.  While, no doubt, the more formal way would have been to enter a separate order in each instance, upon the record of the court approving the bond, we are of opinion that the appellant should not be deprived of his right of appeal by any such technicality as is here urged.  The motion in each case to dismiss the appeal is therefore denied.

The records in each of the above appeals were made up pursuant to a praecipe directing the clerk what to insert in each record.  The clerk, in making each of the records, obeyed the praecipe.  It appears from each of the records that the respective orders from which the appeals were prayed were based "upon consideration of the aforesaid affidavits on file, the pleadings and the record in said cause."  The affidavits so considered by the court appear in each of the records, but no pleadings nor record in the cause.  The words, "the record in said cause," no doubt refer to the record made upon the trial of the suit for separate maintenance brought by appellee against appellant. The record on each of these appeals is therefore incomplete, in that it does not contain the pleadings and the record in the separate maintenance suit.  Consequently we have not before us all that the chancellor considered in reaching his conclusion on either of the orders from which the appeals are prosecuted.  It follows that we are unable to determine, because of the incompleteness of the records, whether or not the chancellor erred in making the orders he did.  If we affirm these orders, we must presume, in the

absence of a complete record, the evidence before the court was sufficient to justify the orders entered. Hill v. Hill, 166 Ill. 54; Troy L. M. Co. v. Kelling, 157 Ill. 495–8; Deimel v. Parker, 164 Ill. 627; Highley v. Deane, 168 Ill. 266–71.

We need not, however, indulge this presumption, but may dismiss the appeals so that there may be a review of these orders on complete records, should appellant be so advised. Van Mater v. Lovis, 29 Ill. 488; Road District v. Miller, 156 Ill. 221–3; Kelling case, *supra.*

In the Van Mater case, where the record was incomplete, it being insisted that the court should affirm the decree, the court held that it was not bound to do so, as it might prejudice plaintiffs in error, and that the court, in its discretion, might dismiss the writ of error instead of affirming the decree, which was done. This practice was approved in the later cases last above cited.

The appeals in each of the above entitled causes are accordingly dismissed.