Argued January 22, affirmed February 10, rehearing denied April 21, 1914.

# PAULSON *v.* OREGON SURETY CO.

### (138 Pac. 838.)

**Judgment—Bar to Subsequent Action—Matters Included.**

1. A decree of foreclosure of deeds absolute in form given as security is a bar to a subsequent suit by the defendants to charge the plaintiffs with a trust in the property, since that contention could have been raised in the foreclosure suit.

> [As to conclusiveness of a judgment foreclosing a mortgage, see note in 18 Am. St. Rep. 790.]

**Mortgages—Foreclosure—Right of Mortgagee to Purchase.**

2. Where land was conveyed by deed absolute in form with a collateral agreement that the grantee might sell and apply the proceeds to certain obligations, on foreclosure by suit the grantee could purchase the property.

> [As to deeds absolute in form with agreements to reconvey, see note in 17 Am. Dec. 300. As to deed intended as mortgage and the effect of lapse of time upon right to have it declared such, see note in Ann. Cas. 1914B, 354.]

**Mortgages—Rights of Parties—Redemption of Prior Mortgage.**

3. Where plaintiff conveyed lands subject to a mortgage by deed absolute in form intended as security, the failure of the grantee to redeem the first mortgage, by reason of which the premises were lost on foreclosure, does not give the plaintiff any ground for complaint.

> [As to when purchaser of mortgaged property becomes liable for the debt secured, see note in 62 Am. Dec. 141. As to when purchaser of mortgaged property may not contest validity of mortgage, see note in 22 Am. Rep. 290.]

From Multnomah: ROBERT G. MORROW, Judge.

Department 2.    Statement by MR. JUSTICE BEAN.

This is a suit by A. S. Paulson against the Oregon Surety & Casualty Company, a corporation, and the Union Guarantee Association, a corporation, to declare a trust, and for an accounting. From a decree for defendants, plaintiff appeals.

About November, 1909, plaintiff, a contractor and builder of Portland, Oregon, owned three lots situated respectively on East Twenty-third, East Sixteenth, and East Fourteenth Streets. There was a completed

dwelling-house on the Twenty-third Street lot, one partially finished on Fourteenth Street, and the plaintiff was about to commence the erection of a residence on Sixteenth Street. Prior to that time the Union Guarantee Association, whose business it was to issue indemnity bonds, had issued its bond to one May Varwig, who held a mortgage on the Sixteenth Street property for $3,500, binding itself to see that said dwelling-house was erected, and to keep the same free from liens on account of the cost of the construction thereof; and had also issued a similar bond to one Henry Roberts, who held a mortgage of $3,750 on the Fourteenth Street property. On or about the 12th of November, 1909, plaintiff was unable to proceed further with the erection of the dwelling-house on Sixteenth Street for lack of funds, and about $1,200 for labor and material had accumulated against such property. At this time the Union Guarantee Association entered into an agreement with plaintiff by the terms of which the latter agreed to deed to the former all the said properties, and the association promised to advance the money necessary to complete the dwelling-houses on the Fourteenth and Sixteenth Street properties. It was understood between the parties that the Union Guarantee Association should have the right at any time to sell any or all the said properties and apply the proceeds thereof in payment of the advances made by such company to plaintiff, and pay all other debts that might be incurred by him in the construction of the buildings, the surplus, if any, to be paid to plaintiff; and the balance of the property, if any, reconveyed to him after his indebtedness had been paid. It was also understood that plaintiff should have possession of the properties during the life of the contract. Pursuant to this agreement, on the 12th day of November, 1909, plaintiff executed and delivered to the Union

Guarantee Association a deed of conveyance of all the real properties above mentioned. On the 21st day of December, 1909, he conveyed to said company an 80-acre tract of land in Multnomah County, near Burlington, on which there was a mortgage of $4,000. Prior to this time, to wit, September 24, 1908, plaintiff executed and delivered to the company a deed of conveyance to certain lands in block 1, subdivision of Ainsworth tract, for the purpose of indemnifying said company against loss on account of the issuance of its bond to certain mortgagees who held mortgages on said property, against loss on account of the construction thereon of two dwelling-houses by plaintiff. It was agreed between the parties that this property should stand as security to the company after the houses were completed, without loss to the latter. About December, 1909, the defendant Oregon Surety & Casualty Company was organized for the purpose of taking over part of the assets and obligations of the Union Guarantee Association, which executed and delivered to the above company a quitclaim deed to all the properties above described except the Twenty-third Street property, which had been sold prior thereto to one Chester Deering. The Oregon Surety & Casualty Company assumed all the duties and obligations of the Union Guarantee Association under the agreement with plaintiff. On or about the 19th day of April, 1910, the first installment of interest on the Varwig mortgage being in default, the surety company took an assignment thereof from Varwig, and also took over the Roberts' mortgage. Thereafter the surety company instituted a suit in the Circuit Court of the State of Oregon for Multnomah County, as assignee, of said Varwig and Roberts' mortgages to foreclose the same, and also for a decree for all moneys advanced by both of said defendants

to plaintiff in the construction of the houses, amounting to about $6,000. Thereafter the court entered a decree declaring the plaintiff indebted to the Oregon Surety & Casualty Company on account of said mortgages and for moneys advanced in the construction and completion of the buildings, with interest and charges amounting to $16,532.40, and decreed that said property be sold in satisfaction thereof. An execution was issued against all the real estate except the Burlington lands, and about May 9, 1911, was sold at public auction. The Oregon Surety & Casualty Company being the highest bidder, the property was sold to it for the sum of $16,838.20, and a certificate of sale was issued therefor. In due time the sale was confirmed by order of the court. On June 17, 1911, the Oregon Surety & Casualty Company instituted an action in ejectment against the plaintiff to obtain the possession of the Sixteenth Street property. Paulson filed a complaint in equity in the nature of a cross-bill alleging that the property involved was held in trust by the defendant companies, claiming a violation of the trust agreement, and asking that a trust be declared, and for an accounting. He asserted, among other things, that the defendant Oregon Surety & Casualty Company had no right to purchase the real estate at the sale under the foreclosure proceedings. The defendant answered denying many of the allegations of the complaint and pleading the decree of the Circuit Court in the foreclosure proceedings as a bar to this suit. The reply admitted the findings of fact, conclusions of law, and decree, the certificate of sale, and order confirming the same in the foreclosure suit, as alleged in the answer of the defendant Oregon Surety & Casualty Company.                AFFIRMED.

For appellant there was a brief and oral arguments by *Mr. Claude Strahan* and *Mr. Frank Schlegel.*

For respondents there was a brief over the name of *Messrs. Wilbur, Spencer & Dibble,* with an oral argument by *Mr. Schuyler C. Spencer.*

MR. JUSTICE BEAN delivered the opinion of the court.

1. The several deeds from plaintiff to defendant Union Guarantee Association, while absolute in form, were given as security and were in effect mortgages. They were at all times recognized and treated by both defendants as such. When the deeds were executed, certificates were issued to plaintiff to the effect that the title to the real estate was held by the company to indemnify it from all loss on account of the bond issued, and for the money advanced and to be advanced. The proceedings in the foreclosure suit are set forth in defendants' answer. The conditions upon which the money was advanced to plaintiff, the mortgages assigned to defendant, the deeds executed as mortgages (except the deed of the Burlington property), and the amount due plaintiff, were all directly involved in that suit, and were judicially passed upon and determined upon the merits after proper hearing.

It was incumbent upon Paulson to set up in an answer in the foreclosure suit any claim that he might have to the effect that the agreement in regard to the deeds was in any manner different from that set forth in the foreclosure suit, and any and all matters relating to the deeds and mortgages up to that time, if he desired to have the same litigated.

The rule is well settled that a party cannot relitigate matters which he might have interposed, but failed to do, in a former action between the same parties or their privies in reference to the same subject matter:

*Hovenden* v. *Knott,* 12 Or. 267, 269 (7 Pac. 30) ; *Neil* v. *Tolman,* 12 Or. 289, 293, 294 (7 Pac. 103) ; *Morrill* v. *Morrill,* 20 Or. 96 (25 Pac. 362, 23 Am. St. Rep. 95, 11 L. R. A. 155) ; *Finley* v. *Houser,* 22 Or. 562 (30 Pac. 494) ; *Hackworth* v. *Zollars,* 30 Iowa, 433; 2 Black, Judgments (2 ed.), § 504 et seq.

A judgment is final and conclusive upon the parties, not only as to the matter actually determined, but as to every other matter which the parties might have litigated and had decided as incident to or essentially connected with the subject matter of the litigation, within the purview of the original action: *Jordan* v. *Van Epps,* 85 N. Y. 427; *Barrett* v. *Failing,* 8 Or. 152.

All the matters which the plaintiff seeks to have adjudicated which occurred up to the time of the determination of the foreclosure suit might have been litigated in the former suit. The title to this real estate was involved in the foreclosure suit, and if the defendants held it in trust for plaintiff, that defense should have been made by Paulson at that time. Not having made such defense, he is estopped from making it now. The trial court found that these matters had been litigated in the former suit. This conclusion disposes of the main question in this case.

2. It is further contended, however, by plaintiff that the defendant Oregon Surety & Casualty Company had no right to purchase the real estate involved at the foreclosure sale. Where a sale is made by judicial process, there is usually no restraint upon the purchase of the property by the mortgage creditor. The sale in such case is made by the sheriff or other officer appointed by the court or designated by law, and the creditor is not himself the seller. The case is just the same as that upon the sale on an ordinary execution at which the judgment creditor has full liberty to buy: 2 Jones, Mortgages (6 ed.), §§ 1635, 1882.

It is plaintiff's contention that the defendant had the power to sell according to the arrangement relating to the deeds given as mortgages. However that may be, it is clear that the sale was not made by virtue of such authority, but in a regular foreclosure sale by an officer of the court. Plaintiff's remedy was to redeem the property from the sale.

3. He also complains that the Burlington acreage was lost through failure of the defendants to redeem the mortgage of $4,000 thereon. It appears from the evidence that the representative of the defendant Oregon Surety & Casualty Company, after making an investigation as to the value of this property, informed the plaintiff that it was not worth the amount of the first mortgage, and that the company would have nothing to do with it; that the plaintiff could do anything he saw fit in regard to it. The company by taking the deed of the Burlington property, which was in effect a second mortgage, did not assume the payment of the first mortgage, and under the circumstances disclosed by the evidence plaintiff has no reason to complain.

The decree of the lower court will therefore be affirmed.                                         AFFIRMED.

MR. JUSTICE EAKIN, MR. JUSTICE MOORE and MR. JUSTICE MCNARY concur.