(No. 21563.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* SAMUEL WADE *et al.*—(HENRY FRITZINGER, Plaintiff in Error.)

*Opinion filed February 23, 1933.*

GEORGE W. SPRENGER, for plaintiff in error.

OSCAR E. CARLSTROM, Attorney General, R. O. HANSON, State's Attorney, and J. J. NEIGER, for the People.

Mr. JUSTICE DUNCAN delivered the opinion of the court:

A writ of error has been sued out of this court by plaintiff in error, Henry Fritzinger, to review a judgment of the circuit court of LaSalle county refusing, on motion of plaintiff in error, to set aside and vacate a judgment

which had been entered against him as surety on a bail bond in a criminal case.

The facts, so far as they need be stated, are as follows: In March, 1925, Samuel Wade and Frank LeRoy Lawson were convicted in the circuit court of LaSalle county of robbery while armed with a gun and sentenced to imprisonment in the penitentiary at Joliet. After they had been so imprisoned they sued out a writ of error from this court. The writ of error was by order of this court made a *supersedeas* and Wade and Lawson were admitted to bail. The bond of Wade was dated January 4, 1927, was in the sum of $20,000, was conditioned as provided by the statute, was signed by Wade as principal and Fred Farischon, Louis Friedrich and plaintiff in error as sureties, and was taken by the warden of the penitentiary. The judgment of conviction of Wade and Lawson was affirmed by this court. (*People* v. *Lawson,* 331 Ill. 380.) After the judgment was affirmed Wade did not comply with the condition of his bond by surrendering himself to the warden of the penitentiary at Joliet but became a fugitive from justice. The bond or recognizance was declared forfeited by the circuit court of LaSalle county and a *scire facias* against Wade and the sureties was issued as provided by statute. Plaintiff in error appeared at the January, 1929, term of the circuit court, (the term to which the *scire facias* was returnable,) entered a special and limited appearance, and moved to dismiss the *scire facias* and quash the return thereto because the court had no jurisdiction of the subject matter. That motion was overruled, and on January 22, 1929, judgment was entered in the circuit court against Wade and the sureties on the bond, including plaintiff in error. Plaintiff in error sued out of the Appellate Court for the Second District a writ of error to review that judgment, and the Appellate Court affirmed the judgment of the circuit court. This court at the October term, 1930, denied the petition of plaintiff in error for a writ of *certiorari* in

that case, and on February 25, 1931, the Supreme Court of the United States dismissed plaintiff in error's appeal to that court. At the March term, 1931, of the circuit court plaintiff in error filed a motion to vacate the judgment of January 22, 1929, against him, because the statute under the provisions of which the judgment was rendered was unconstitutional and because Wade had died. A hearing was had on the motion, and it was shown that Wade was killed on May 11, 1930, while resisting arrest.

Section 17 of division 3 of the Criminal Code, at the time the bond in question was given and at the time the judgment of January 22, 1929, was entered, provided that when any person accused of a criminal offense gives bail for his appearance and does not appear in accordance with the terms of the recognizance the court shall declare the recognizance forfeited, and the clerk of the court shall issue a *scire facias* against such person and his sureties, returnable on the first day of the next term of the court, to show cause why judgment should not be rendered against them for the amount of the recognizance, which *scire facias* shall be served by the sheriff of the county where the court is held, by reading it to the defendants therein named at least five days before the first day of the term to which it is returnable; that in case "the person aforesaid" cannot be found by the sheriff he shall make return of that fact to the court, and that "the court shall enter judgment by default against the defendants for the amount of the recognizance or bond unless defendants shall appear and defend such cause; and if the defendants shall appear and interpose a defense, then the cause shall be tried in the same manner as other causes of a like nature after any such recognizance or bond shall be declared forfeited," etc.

Plaintiff in error contends that said section of the statute is unconstitutional, in that it deprives sureties on bail bonds of their property without due process of law by authorizing judgment to be entered against them without

notice, and that therefore the judgment of the circuit court of January 22, 1929, is void. It is to be noted that plaintiff in error sued out of the Appellate Court a writ of error to review the judgment of the circuit court of January 22, 1929, and that the Appellate Court has no jurisdiction to consider and pass on the validity of a statute in any case. Under the uniform holdings of this court in many cases, plaintiff in error, by taking the case to the Appellate Court and submitting it to that court for decision on errors assigned which that court might lawfully consider, waived the right to question the constitutionality of said section of the statute so far as the judgment of the circuit court of January 22, 1929, is concerned. (*Armour & Co.* v. *Industrial Board,* 275 Ill. 328; *Houren* v. *Chicago, Milwaukee and St. Paul Railway Co.* 236 id. 620; *Barnes* v. *Drainage Comrs.* 221 id. 627.) It is true that the raising of the question of notice to a defendant in any case raises the question of the jurisdiction of the court to render a judgment in that case and is one of due process of law. (*Booz* v. *Texas and Pacific Railway Co.* 250 Ill. 376.) It is also true that this writ of error is not to review the judgment of the circuit court of January 22, 1929, but to review a judgment subsequently rendered by which the court refused to vacate the judgment of January 22, 1929. Plaintiff in error is, nevertheless, not in a position to raise the constitutional question that he argues. *Iles* v. *Heidenreich,* 271 Ill. 480; *Starck Piano Co.* v. *Stark,* 276 id. 413.

In the case last cited a judgment on a replevin bond was rendered against appellants in the municipal court of Chicago and they sued out a writ of error from the Appellate Court to review that judgment. The Appellate Court affirmed the judgment. Subsequently appellant filed a bill to enjoin the collection of the judgment, contending that it was void because of the invalidity of certain sections of the Municipal Court act. From the decree dismissing the bill appellants appealed to this court, where the decree was af-

firmed. This court held that appellants, by suing out of the Appellate Court a writ of error to review the judgment in the suit on the replevin bond, waived the right to raise any constitutional objection whatever questioning the correctness and validity of that judgment. This court also held that if it had been desired to raise a constitutional objection to the judgment it should have been raised in the municipal court, and if not sustained by that court an appeal or writ of error should have been prosecuted in a court having jurisdiction to pass upon constitutional questions.

The doctrine of *res judicata* applies to this writ of error. That plea applies not only to the point upon which the court was required by the parties to form an opinion and pronounce a judgment, but to every point which properly belonged to the subject of litigation, and which the parties, exercising a reasonable diligence, might have brought forward in time. The principle extends not only to questions of fact and law which were decided in the former suit, but also to the grounds of recovery or defense which might have been but were not presented, including not only constitutional grounds but all other grounds of defense. *Godschalck* v. *Weber,* 247 Ill. 269.

The question now before this court arises on the motion of plaintiff in error, at the March term, 1931, of the circuit court, to vacate the judgment of January 22, 1929, on the ground that the statute under the provisions of which the judgment was rendered was void. For the reasons already stated, plaintiff in error has waived his right to have such question considered by this court.

The only other contention made by plaintiff in error by his motion was, that the circuit court should vacate that judgment because of the fact that the principal in the bail bond, prior to the time of the hearing of that motion and prior to any sale of property in connection with the judgment of January 22, 1929, had died. We express no opinion on the merits of this latter contention of plaintiff in

error, as this court has no jurisdiction to consider and pass on that question.

The cause is therefore transferred to the Appellate Court for the Second District.                    *Cause transferred.*