Alice E. Kirkham and John E. Crockett, Appellees, v. B. A. Harris, Appellant.

386

Opinion filed May 8, 1936. Rehearing denied May 26, 1936.

Asa J. Wilbourn, of Cairo, for appellant.

George E. Martin, of Mound City, and D. B. Reid, of Cairo, for appellees.

Mr. Presiding Justice Edwards delivered the opinion of the court.

In 1932 appellant instituted an action to foreclose a mortgage securing a note for $2,500, executed by appellee Alice E. Kirkham and others; said appellee entered her written appearance in the cause, was ruled to answer, and called and defaulted for failure to comply with the rule. A decree *pro confesso* was entered, which, among other matters, recited: "The court further finds from the evidence that the said promissory note and mortgage deed have been duly assigned and transferred to the complainant, B. A. Harris, for a valuable consideration, and that the same is now held and owned by the complainant, and that he is entitled to all of the benefits thereof and of the said mortgage deed." A sale was had of the mortgaged premises under the decree. Appellant became the purchaser and received the master's certificate of purchase there-

for, and afterward sold to appellee, John E. Crockett, an undivided one-half interest in the certificate.

Before the expiration of the period of redemption, appellees instituted the present suit, alleging that on September 26, 1932, appellee, Alice E. Kirkham, being the owner of the note and mortgage, assigned and delivered same to appellant to indemnify him as a surety upon the bond of W. B. Kirkham, treasurer of the Olive Branch Drainage District; that the foreclosure suit above referred to was begun at the instance and request of said appellee, for her benefit and to further her interests, and that she paid the cost and expense thereof; that the certificate of purchase was, at her request, delivered to appellant for her use, and that she has requested the latter to assign and deliver to her the undivided one-half interest therein, not assigned to appellee Crockett, but that appellant refuses so to do. It further avers that the treasurer of said drainage district had fully discharged his obligations as such, and accounted for all funds in his custody as such treasurer; that appellant, in consequence thereof, was not in anywise damaged, and that thereby the consideration for which the note and mortgage were assigned to appellant was fully released and discharged. The prayer was that appellant be decreed to assign and deliver to said Alice E. Kirkham the remaining one-half interest in such certificate of purchase, not heretofore sold and assigned to Crockett, and that the master in chancery be restrained from executing or delivering any deed of conveyance, based upon such certificate, until the court should decree in the premises.

Various defenses were set up in the answer of appellant, the principal of which, and the one urged upon this appeal, being that the matters sought to be litigated in the pending proceeding were adjudicated and finally concluded in the foreclosure suit; that the decree therein entered has never been appealed from,

set aside or otherwise vacated, and that same is in full force and effect. Upon a hearing the court found for the appellees and entered decree granting the relief prayed for in the complaint; to reverse which this appeal has been perfected.

As to when a plaintiff is concluded by the judgment or decree entered in a former suit between the parties, in which he was a defendant, the rule appears to be that the doctrine of former adjudication is not limited to those things which were actually pleaded as defenses, but also as to all those which were properly involved in the subject matter of the suit, and which might have been set up, litigated and determined in such suit; in which event the defendant cannot use such defenses upon which to ground a subsequent action against the former plaintiff. *People v. Wade,* 351 Ill. 484; *Springer v. Darlington,* 198 Ill. 121; *Ralls County Court v. United States,* 105 U. S. 733; *Paulson v. Oregon Surety & Casualty Co.,* 70 Ore. 175, 138 Pac. 838; *Mally v. Mally,* 52 Iowa 654, 3 N. W. 670; *Schwan v. Kelly,* 173 Pa. St. 65, 33 Atl. 1107; *Drewyour v. Merrill,* 112 Mich. 681, 71 N. W. 486; *Teel v. Miles,* 51 Neb. 542, 71 N. W. 296.

In *Bacon v. Reichelt,* 272 Ill. 90, the court declared the rule to be: "It was the duty of the appellant to set up in that proceeding his interest in the premises, and the decree in that case is conclusive upon him, not only as to the issues which were actually made and determined in the case, but also as to every matter which was properly involved and which might have been raised and determined. A prior adjudication between the same parties is conclusive upon them, not only as to the matters actually determined, but as to every other thing within the knowledge of the parties which might have been set up as a ground for relief or defense."

The question in *Hamilton v. Quimby,* 46 Ill. 90, was whether a contention there made had been decided in

a previous suit between the parties, and the court said: "The question seems to have been litigated and judicially determined in the decree, under the bill for an injunction. The court then found the note to have been legal and binding, and it must be regarded as *res adjudicata.* When he filed his first bill, he must have known of this fraud, if it existed, and he should then have relied upon it, as it would undeniably have constituted a good defense, if it were true. A party cannot litigate and try a cause by parts, in different proceedings; he must bring his whole case before the court, and have it disposed of in one proceeding."

*Dyer v. Hopkins,* 112 Ill. 168, was analogous to the instant case. There, in a foreclosure suit, an adult defendant, duly served with process, made no defense, but permitted the cause to go to decree and sale, and without redeeming therefrom. Some years later, in a proceeding by the heirs of such party, who was then deceased, seeking to set aside such foreclosure sale as having been obtained by fraud, the court said: "The complainants have had their day in court, and having neglected to interpose their defense against the mortgage then, they cannot now be allowed to urge the same matters as grounds for affirmative relief."

The complaint states that the matters now claimed as ground for action, existed at the time of the foreclosure suit, and were known to appellee, Alice E. Kirkham, who was the mover and procurer of the case.

The complaint, in the foreclosure proceeding, averred that appellant was the owner of the note and mortgage. This was a material allegation and necessary to be proved. Alice E. Kirkham entered her written appearance in the cause, and was charged with knowledge of what was alleged in the complaint. If the matters for which she now contends had been pleaded in such suit, it would have been an effectual and complete defense to the action. Within the rule

of the cases cited it was her duty to have set up such defense, and having failed to do so she cannot use same as the basis of an independent subsequent proceeding against the complainant in the foreclosure suit.

The decree in the foreclosure suit specifically found that appellant was the owner of the note and mortgage. The adjudication has never been set aside or reversed, but remains and still is in full effect. No fraud in procuring the decree is alleged, nor is any mistake of fact in its entry charged; hence the inference is that it was regularly entered in full accord with legal forms. The fact that Alice E. Kirkham failed to interpose a defense thereto, when she was a party to the suit and with full knowledge of the facts, bars her from now attempting to litigate the questions which were germane to and could have been tried and determined in the former suit. As was said in *Dyer v. Hopkins, supra:* "Complainants have had their day in court, and having neglected to interpose their defense against the mortgage then, they cannot now be allowed to urge the same matters as grounds for affirmative relief."

Nor does the fact that the decree in foreclosure was based upon a default, alter the rule. Judgments by default have the same validity and force as those rendered upon a trial of the issues. *Dyer v. Hopkins, supra; Walden Nat. Bank v. Birch,* 130 N. Y. 221, 29 N. E. 127; *Jacobson v. Miller,* 41 Mich. 90, 1 N. W. 1013; *Watson v. McHenry,* 107 Md. 245, 68 Atl. 606.

The matters averred in the complaint, as ground for relief, were concluded by the decree in the foreclosure suit, and as such were *res adjudicata.*

The decree is reversed, and the cause remanded with directions to dismiss the complaint for want of equity.

*Reversed and remanded with directions.*