Arnold Menconi, Plaintiff-Appellee, v. George W. Davison, et al., and Lake States Construction Co., Inc., an Illinois Corporation, Defendants-Appellants.

Gen. No. 51,026.

First District, First Division.

January 16, 1967.

O'Brien & Boyle, of Chicago, for appellants.

Robert L. Huttner, Kernal Freeman and John V. Evans, of Chicago (Robert L. Huttner and Kernal Freeman, of counsel), for appellee.

MR. PRESIDING JUSTICE MURPHY delivered the opinion of the court.

Defendants appeal from a $28,376 summary judgment entered against them in favor of plaintiff in a "creditor's bill" proceeding under the Chancery Act (Ill Rev Stats 1963, c 22, § 49).

The record consists of the complaint, defendants' answer, affidavits, counteraffidavits, and exhibits. Defendants' theory is that the judgment was entered on a "constructive fraud basis," and that the summary judgment ought to be reversed and the case remanded for a trial on the issue of "actual fraud."

In sum, plaintiff, a licensed real estate broker, was employed by the defendant, Lake States Construction Co., Inc., an Illinois corporation, to procure a purchaser for two 11-unit apartment buildings. In a letter dated July

23, 1963, the defendant corporation agreed to pay plaintiff a real estate commission of $27,500.

Under date of August 1, 1963, a "real estate sale contract" was executed, wherein the purchaser agreed to pay $232,900 for the two buildings. The contract included the provision: "The seller agrees to pay a broker's commission to Menconi Realty Company . . . as per agreement." In their answer to the instant complaint, defendants allege plaintiff's contract of employment "was never complied with as required . . . ," and in an affidavit defendants allege the property was sold for substantially less to another purchaser.

On December 6, 1963, defendant, Lake States, adopted a plan of liquidation, and toward the end of December it transferred its remaining assets to its stockholders. On April 16, 1964, plaintiff filed suit against Lake States for his brokerage commission. Upon the advice of the attorney for the corporation, the suit was not defended, and on July 2, 1964, a default judgment was entered against the corporation for the sum of $27,000 and costs. On February 3, 1965, plaintiff filed the instant creditor's complaint against the shareholders of Lake States to compel the discovery of any corporate property. Both constructive and actual fraud were alleged. The instant summary judgment was entered in favor of. the plaintiff on September 30, 1965.

Initially, defendants assert that Lake States' obligation to pay plaintiff depended upon (1) the consummation of the real estate contract, and (2) a conveyance of other property to plaintiff by a third person, all set forth in a letter of July 23, 1963, and as the transaction aborted, plaintiff "could not have been a creditor prior to the accident of an erroneous ex parte judgment on July 2, 1964, six months after the transfer."

Defendants contend that "a judgment absent any other lawful credentials is not conclusive of any indebtedness

3

before the date of its entry." (Sweet v. Dean, 43 Ill App 650, 654 (1892); Springer v. Bigford, 55 Ill App 198, 202 (1894); Crandall v. Carey-Lombard Lumber Co., 63 Ill App 320, 322 (1896).) Also, one who becomes a creditor subsequent to a transfer of assets may reach those assets only on proof of actual fraud. Supporting citations include Chicago Daily News v. Siegel, 212 Ill 617, 72 NE 810 (1904), where it is said (p 629):

> "Where a conveyance is alleged to be made in fraud of the rights of creditors, the creditors injured are those whose claims exist at the time of the conveyance. Only creditors, having claims when the fraud is committed, can avoid such conveyances. . . . It is not sufficient that other creditors are prejudiced by such a conveyance or release, but it must be shown that the creditors, attacking the fairness of the transaction, had existing claims."

Defendants argue plaintiff "should be required to proceed in his creditor's bill as one who became a creditor after the alleged conveyance," and further, "these defendants must defend this creditor's bill, and they are precluded from offering evidence of the lack of merit in Menconi's case against Lake States, but they have the right to require Menconi to assume the burden of proving actual fraud."

As to this contention, plaintiff asserts he became a creditor on August 1, 1963, the day the sales contract was executed. He argues that a preexisting creditor is one who has a subsisting claim against a debtor at the time the fraudulent conveyance was made, although his claim may not have matured or reduced to judgment until after such conveyance. Cited in support is Weller v. Schulte, 137 Ill App 520 (1907), where it is said (pp 521–522):

4

"While no judgment was obtained by appellant against Stephen Schulte until some time after the conveyances were executed, yet the contract or agreement which bound Stephen Schulte to payment, and upon which his liability was afterwards established, was in existence at the time of the making of the deeds which rendered appellant a creditor under the statute and authorized him to attack the deeds upon the ground of fraud.

"The term 'creditor' has received a liberal construction. The character of the claim, if just and lawful, is not material. It need not be due when the fraudulent transfer is made. It may be absolute or contingent."

■ We find no merit in defendants' contention. This record affirmatively shows that plaintiff comes within the accepted pronouncements of a "pre-existing creditor," who had a subsisting claim or obligation against the debtor at the time the alleged fraudulent conveyance was made, although his claim was not reduced to judgment until after such conveyance. Plaintiff's claim, upon which liability was afterwards established by a default judgment, was in existence at ·the time of the liquidation of Lake States, and defendants are the transferees of all of its assets. (20 ILP, Fraudulent Conveyances, §§ 201–205.) Plaintiff's claim was injured by the corporation's liquidation.

Defendants next contend that plaintiff's complaint in the original action against the corporation fails to state the existence of a "valid cause of action" or "legally enforceable demand" for the reason that it appears on the face of the complaint that no indebtedness would be due him until the occurrence of two conditions precedent; that the happening of the two conditions precedent to his recovery are not alleged and could not be confessed by the

corporation's failure to appear and answer. (Lasko v. Meier, 394 Ill 71, 67 NE2d 162 (1946); Wuellner v. Illinois Bell Tel. Co., 390 Ill 126, 60 NE2d 867 (1945); Carlton v. Smith, 285 Ill App 380, 2 NE2d 116 (1936).) We have examined these authorities and note they are all based upon direct appeals in the original actions, and for that reason we do not consider them in point in defendants' collateral attack on the original default judgment.

██ ██ This contention of defendants comes within the pronouncements made in Kirkham v. Harris, 285 Ill App 385, 2 NE2d 119 (1936). A prior adjudication between the same parties is conclusive upon them, not only as to matters actually determined but as to every other thing within the knowledge of the parties which might have been set up as a ground for relief or defense. Defendants having neglected to interpose their defense against plaintiff's original complaint, they cannot now be allowed to urge the same matters as grounds for affirmative relief. A party cannot litigate and try a cause by parts in different proceedings; he must bring his whole case before the court and have it disposed of in one proceeding. No fraud or irregularity on behalf of plaintiff in procuring his original judgment is charged by defendants. Judgments by default have the same validity and force as those rendered upon a trial of the issues.

██ Defendants, all directors and stockholders of the corporation, acting upon the advice of the attorney for their corporation, did not defend and permitted plaintiff's original suit against the corporation to proceed to a default judgment on July 2, 1964, which was final and in full effect when plaintiff commenced his creditor's bill proceeding on February 3, 1965.

We conclude defendants' affidavits did not disclose any defense to the instant suit and failed to raise a genuine issue as to any material fact. As there was no triable issue of fact, but a question of law only, the trial court

6

was correct in entering summary judgment for plaintiff and, therefore, the instant judgment appealed from is affirmed.

Affirmed.

BURMAN and ADESKO, JJ., concur.