2 Ill. App.3d 149 (1971)
276 N.E.2d 6
DONALD E. COHEN, Plaintiff-Appellant,
v.
WASHINGTON NATIONAL INSURANCE COMPANY, Defendant-Appellee.
No. 55532.
Illinois Appellate Court  First District.
October 20, 1971.
Gordon and Cohen, of Highland Park, for appellant.
Elmer M. Walsh, Jr., of Chicago, for appellee.
Judgment affirmed.
Mr. PRESIDING JUSTICE ADESKO delivered the opinion of the court:
On August 17, 1962, defendant Washington National Insurance Company, issued a "Lifetime Medical Protection" policy, LMP 8599967 to plaintiff, Donald E. Cohen. On November 4, 1964, a son, Chester, was born to plaintiff and his wife with congenital corneal opacity of the right eye (blind white eye). The child's parents sought medical and surgical advice for treatment with eye doctors and oculists, incurring certain expenses for which plaintiff filed a claim pursuant to the terms of the policy. Defendant denied payment.
Plaintiff filed a two-count verified complaint for recovery of medical expenses, including a prosthetic appliance and the costs of hospitalization of the child. A jury returned a general verdict for defendant and *150 judgment was entered on the verdict. Plaintiff raises the following six issues for review:
1. Whether the insurance policy covered insured's $422.52 loss.
2. Whether the insured's motion for summary judgment in the amount of $422.52 should have been granted, either on plaintiff-insured's motion, or by the court on its own motion pursuant to Civil Practice Act, Section 68.1(2).
3. Whether an insurance company may effectively expand a $50 deductible policy provision into a larger amount by internal computations of its own, without written provisions of the policy enabling it to do so.
4. Whether the jury's failure to find in favor of plaintiff, based upon plaintiff's tendered instruction (E-10) was reversible error, or against the manifest weight of the evidence.
5. Whether the court erred as a matter of law in failing to grant insured's motion for judgment on the pleadings.
6. Whether the court erred as a matter of law in failing to direct the jury to return a separate verdict upon each count of the complaint.
Plaintiff did not present to this court a record of the proceedings which took place before the trial court. The parties stipulated that the following documents be included in the excerpts from the record:
1. Complaint including a copy of insurance policy.
2. Demand for bill of particulars.
3. Bill of particulars.
4. Trial Exhibits Nos. 4, 5, 6, 7, 9, 10.
5. Plaintiff's tendered and given exhibits.
6. Plaintiff's post trial motion.
7. Notice of appeal and proof of service.
8. Praecipe for record and proof of service.
The defendant contends that the burden rests on the plaintiff to present a record which establishes reversible error and that the reviewing court cannot review motions and rulings which do not appear of record.
 1-4 We are mindful of various Supreme Court rules to which plaintiff refers in his brief. The designated parts of the record consisting of the documents presented to this court do not give us enough facts and law upon which we could base our decision.
"A party prosecuting an appeal must furnish material essential to the disposition of the appeal. Matters de hors the record cannot be considered. In the absence of a report of proceedings or an agreed statement of facts it is presumed that the evidence supported the trial *151 court's decision." Perez v. Janota (1969), 107 Ill. App.2d 90, 246 N.E.2d 42.
We have no way of knowing what evidence was presented or what evidence was considered by the trial court. As was said in Housewerth v. Seidel (1964), 47 Ill. App.2d 112, 197 N.E.2d 271:
"We know some of the evidence, but we do not know the entire evidence heard by the court. We do know what is contained in the exhibits, but we cannot assume that this was the whole evidence and we cannot give weight to the unsupported assertion of counsel, dehors the record * * *. [W]e must assume that the evidence supported the judgment of the court."
In a more recent case, the Illinois Supreme Court said in Gille v. County Housing Auth. (1970), 44 Ill.2d 419, 255 N.E.2d 904:
"* * * and we have consistently held that matters not properly in the record will not be considered on review by this court."
For the above reasons, the judgment of the circuit court of Cook County is affirmed.
Judgment affirmed.
BURMAN and DIERINGER, JJ., concur.