ANN IRENE NELSON, Petitioner-Appellee, *v.* PHILLIP MICHAEL NELSON, JR., Respondent-Appellant.

(No. 58888; )

First District (1st Division)—January 28, 1974.

Anna D. Marek, of Ontarioville, for appellant.

Bernard Carey, State's Attorney, of Chicago (Sheldon Gardner, Paul P. Biebel, Jr. and Michael A. Tyrrell, Assistant State's Attorneys, of counsel), for appellee.

PER CURIAM.

Respondent, Phillip Michael Nelson, Jr., appeals from an order entered under the provisions of the Revised Uniform Reciprocal Enforcement of Support Act (Ill. Rev. Stat. 1971, ch. 68, par. 101, *et seq.*) obliging him to pay to his former wife, the petitioner, Ann Irene Nelson, $100 per month for the support of their minor child. On appeal, respondent contends that the order should be reversed because (1) the county division, county department of the circuit court of Cook County improperly denied respondent's motion to transfer the case to the divorce division, county department of the circuit court of Cook County because a divorce action between the parties was pending in the divorce division; (2) the

circuit court of Cook County should have refused to honor the petition and order of the Delaware court because the circuit court of Cook County had obtained personal jurisdiction over the petitioner in the divorce proceeding and she was "eluding" and "evading" the Illinois court through the device of a proceeding under the Uniform Reciprocal Enforcement of Support Act. A chronological review of the essential points in the record is set out:

December 31, 1971 (or sometime previous thereto): Respondent filed suit for divorce against petitioner in case No. 71D22992, *Phillip M. Nelson, Jr. v. Ann Irene Nelson and Louis Borbor.*

*January 21, 1972:* Ann Irene Nelson filed a petition against the respondent in the family court of Kent County, Delaware, alleging herself to be the "wife" of respondent, having been married to him August 28, 1968, and the mother of one child born to them on March 6, 1969, asking $150 per month for the support of the child. The petition was accompanied by a certificate of a judge of the family court of Kent and Sussex Counties, Delaware, finding that the respondent should be compelled to answer the petition.

*June 23, 1972:* The petition and certificate were filed in the circuit court of Cook County, county division.

*July 3, 1972:* Summons was served on the respondent by leaving a copy with his mother-in-law.

*September 12, 1972:* A decree of divorce was entered in the divorce division, reciting that the defendant, Ann Irene Nelson, "was personally served with Summons and was defaulted for failure to Appear and Answer", and "reserving" the issue of "care, custody, control and education of the child and also the question of the support for the child."

*October 18, 1972:* An order was entered in the county division granting leave to Anna D. Marek to withdraw as attorney for the respondent and finding respondent "responsible for the support of the minor child, that respondent is desirous of visitation privileges", that "commencing 12-1-72 the respondent contribute $100 per month for the support of the minor child, that petitioning jurisdiction advise present address of petitioner and child and arrange visitation."

*November 15, 1972:* Leave having been given, respondent, through his attorney, Anna D. Marek, presented a petition to vacate the October 18, 1972, order.

*November 27, 1972:* Respondent moved to dismiss the petition for support or have the petition transferred to the divorce division on the grounds:

> "1. That the parties hereto are the same parties in the case known as *Phillip M. Nelson, Jr. v. Ann Irene Nelson, and Louis*

*Borbor,* case number 71D22992, filed in the Circuit Court of Cook County, Chancery-Divorce Division.

"2. In said cause, *Phillip M. Nelson, Jr. v. Ann Irene Nelson, and Louis Borbor,* number 71D22992, the court entered a decree of divorce in favor of the plaintiff, Phillip M. Nelson, Jr. and reserved the question of support and custody of his child."

*February 23, 1973:* The court (county division) found it had jurisdiction of the parties and the subject matter under the Uniform Reciprocal Enforcement of Support Act and denied respondent's motion to dismiss the petition for support.

■■ Defendant first argues that the divorce division had exclusive "jurisdiction" of the question of support of his minor child, that the county division, therefore, was without "jurisdiction" to enter the support order and should have transferred the case to the divorce division. However, in the recent case of *Haas v. Pick Galleries* (Gen. No. 58347), 12 Ill.App.3d 865, 299 N.E.2d 93, it was held that the actions of trial courts concerning the assignment or transfer of actions under General Order Number 1—3* of the circuit court of Cook County are not "jurisdictional" and that, within broad limits, the trial court's discretion in such matters will not be reversed absent a showing of abuse. In that case, the reviewing court affirmed the refusal of the municipal division of the circuit court to transfer a case to the law division of the circuit court because amounts sought in a counterclaim exceeded the so-called "juris-

---

* 1—3. Assignment or Transfer of Actions

a) Assignment of Actions

Any action may be assigned to any Judge, Associate Judge or Magistrate of the Circuit Court of Cook County for hearing or trial, regardless of the department, division or district in which the case was filed or to which the judge is regularly assigned. Any action or proceeding may be heard or tried in any courtroom in the Circuit Court of Cook County, regardless of the department, district or division in which the case was filed or for which the courtroom is regularly used.

b) Filing or trial in Wrong Branch

No action shall be dismissed and no judgment order or decree shall be vacated, set aside or invalidated because the action was filed, tried or adjudicated in the wrong department, division or district.

c) Transfer of Actions Improperly Filed

Whenever it appears, by suggestion of the parties or otherwise, that the action was filed or is pending in the wrong department, division or district of the Circuit Court of Cook County, the court on its own motion or on motion of any party shall transfer the action to the proper department, division, or district.

d) Transfer of Actions Properly Filed

For the convenience of parties and witnesses and for the more effective disposition of litigation, the court, upon motion of any party, may transfer any action or proceeding pending before it in any department, division or district to any other department, division or district.

dictional limit" of the municipal department, as set by local rule of the court. In the case at bar, likewise, there is no showing of abuse.

■■ The discretion of the trial court and our own views are limited by the language of the Uniform Reciprocal Enforcement of Support Act (Ill. Rev. Stat. 1971, ch. 68, pars. 101 and following) which specifically provides:

> "The remedies therein provided 'are in addition to and not in substitution for any other remedies.' [Par. 103.]

> "The court in which the petition is filed may not refuse the petition 'on the ground that it should be filed with some other court of this or any other state where there is pending another action for divorce, separation, annulment, dissolution, habeas corpus, adoption, or custody between the same parties or where another court has already issued a support order in some other proceeding and has retained jurisdiction for its enforcement.' [Par. 111.]

> "The proceedings are not to be stayed nor is a hearing to be refused under the Act 'because of any pending or prior action or proceeding for divorce, separation, annulment, dissolution, habeas corpus, adoption or custody in this or any other state.' [Par. 130.]"

In any event, no report of proceedings accompanies this record. In the absence of a report of proceedings, it will be presumed that the court heard sufficient evidence and argument to support its decision. (*Cohen v. Washington Nat. Ins. Co.* (1971), 2 Ill.App.3d 149, 150-151, 276 N.E. 2d 6.) Therefore, no showing has been made of abuse of discretion in denying the motion to transfer the case from the county division to the divorce division.

A more difficult question is presented by respondent's claim that the petitioner should not be allowed to recover because while the divorce action was pending, "instead of answering the complaint after she was personally served with summons, she merely eluded this court by initiating action under the Delaware Uniform Reciprocal Enforcement of Support Act." Petitioner, respondent claims, is "evading" the jurisdiction of the Illinois courts through this device. Respondent seeks to distinguish *People ex rel. Hartshorn v. Hartshorn* (Second Dist. 1959), 21 Ill.App.2d 91, 104, 157 N.E.2d 563, in which a similar order was involved, on the ground that service in that case was by publication rather than by personal service as in the case at bar. However, that contention has been explicitly rejected in *Gill v. Gill* (Gen. No. 45593, November Term, 1973), 56 Ill.2d 139, 306 N.E.2d 281, slip opinion, page 2, on the ground that such an interpretation (requiring in personam jurisdiction as a prerequisite to a support order) "would encourage those with an obligation to support children to abscond so as to avoid personal service

and thereby evade their legal obligation." Typical of the attitude expressed in the cases is the statement of the court in *Plaster v. Plaster* (1868), 47 Ill. 290, 292, (cited with approval by the Supreme Court in *Gill v. Gill*) which used the following language to reject the father's contention: "It was his neglect of duty by deserting wife and child, and failure to contribute to their support, that produced the divorce and warranted the court in giving custody of the child to the mother."

■■■ While the father here has not deserted his minor child, nothing in this record indicates that he has sought custody or visitation rights. Nor is the implication of defendant's argument, that his wife is "eluding" and "evading" the jurisdiction of the Illinois courts and has thus "absconded", supported by the record. While the father's right to the custody of his children may not be defeated by the simple expedient of his wife's absconding with the children (*People v. Shine* (1933), 271 Ill.App. 479, *People v. Waddell* (1928), 247 Ill.App. 255), the mere fact that a divorce has occurred does not relieve a husband and father from the duty to support his minor children. In *Boyle v. Boyle* (1927), 247 Ill. App. 554, 556-557, cited with approval in *Gill v. Gill, supra,* the husband secured a divorce on the ground of desertion and the wife filed a written appearance, as in the case at bar, but the reviewing court in upholding an award of child support to the mother pointed out: "Evidently she knew her husband was not claiming the right to the possession of the child. He made no attempt whatsoever to have the court decree the care and custody of the child to him. The husband at no time seemed to concern himself about the care and custody of the child, either before or after the divorce was granted." The record in the instant case does not rebut a similar conclusion. The record does not show that respondent sought to have the custody of the child awarded to him. Nor does the record show that any rights respondent has in respect to the child are in any way being thwarted by petitioner. It is the responsibility of the appellant to see that the record on appeal is complete and in the absence of a report of proceedings it will be presumed the trial court heard sufficient evidence and argument to support its decision. (*Cohen v. Washington Nat. Ins. Co.* (1971), 2 Ill.App.3d 149, 151, 276 N.E.2d 6.) The trial court, therefore, was correct in finding that the respondent was still obliged to support his child and that duty could be enforced under the terms of the Uniform Reciprocal Enforcement of Support Act. Ill. Rev. Stat. 1971, ch. 68, pars. 103, 130.

Accordingly, the judgment of the circuit court of Cook County is affirmed. *Gill v. Gill, supra.*

Judgment Affirmed.

HALLETT, J., took no part,