AURORA PACKING COMPANY, INC., Plaintiff-Appellee, *v.* BOLINGBROOK INN COMPANY, d/b/a ARMANDO's STEAK HOUSE, Defendant-Appellant.

(No. 74-233;

Third District—April 4, 1975.

George Hodges, of Chicago, for appellant.

Rappaport & Meyer, of Chicago, for appellee.

Mr. JUSTICE STOUDER delivered the opinion of the court:

On May 28, 1974, the circuit court of Will County entered judgment on an account stated in the amount of $8,926.63 in favor of Aurora Packing Company, Inc., and against Bolingbrook Inn Company.

On February 25, 1974, Aurora Packing filed its complaint seeking to recover the amount due for meat sold and delivered to the defendant. Counsel for the defendant filed his appearance and answer and an ex parte judgment was entered by the circuit court of Will County on April 26, 1974, for the amount sought. Timely motion was filed by defendant to vacate such judgment and on May 24, 1974, after hearing and argument, the judgment was vacated. At the same time the court set the case for hearing for May 28, 1974, at which time hearing was held without a jury and again judgment was entered in favor of the plaintiff against the defendant for the amount sought, $8,926.63.

On this appeal the sole issue raised by defendant is its claim the trial court abused its discretion by setting the case for trial on Tuesday, May 28, 1974, in its order of May 24, 1974, the date the prior judgment was vacated. According to defendant the order setting the case for trial was entered on Friday, May 24, and the intervening 3 days, i.e., Saturday, Sunday and Memorial Day were all holidays, depriving the defendant as a matter of law of adequate time in which to prepare its case.

Neither a report of proceedings nor an agreed statement of facts has been filed by defendant concerning any of the evidence or arguments presented to the court either on May 24 or May 28. In the absence of such a report of proceedings, each party has taken the liberty to argue outside the record, with the consequent conflict demonstrating the need for such a report.

Although defendant insists he objected to the setting of the case within

such a short time, such assertion finds no support in the record since there is no report of proceedings. Likewise, there is no indication that when the case was called for trial on May 28 the defendant moved for a continuance or in any way indicated that he was either unable or unwilling to proceed with the trial. The judgment order indicates officers of the defendant were present, evidence was heard and arguments presented. The common-law record does not indicate that any written motion for continuance was filed on May 28, 1974, and again the absence of any report of proceedings leaves unsupported any claim that an oral continuance was requested, that any reasons were expressed therefore or that any prejudice resulted to the defendant. Additionally, we note that no post-trial motion was filed calling the trial court's attention to the error now urged on appeal, and consequently the record fails to disclose that the matter now urged on appeal was ever presented to the trial court.

■■■ Where, as in the instant case, the record is inadequate to support the errors urged on appeal, we have no alternative except to presume that evidence presented to the trial court was sufficient to justify the action taken by the trial court. *Libman v. Gipson*, 93 Ill.App.2d 62, 235 N.E.2d 670, and *Hutchinson v. Hutchinson*, 106 Ill.App. 10.

For the foregoing reasons, the judgment of the circuit court of Will County is affirmed.

Judgment affirmed.

STENGEL and BARRY, JJ., concur.