CLARENCE W. SHOEMAKER, Plaintiff-Appellant, *v.* FRED GEIGER, Defendant-Appellee.

(Nos. 74-160, 74-373 cons.; )

Third District—June 30, 1975.

Clarence Shoemaker, *pro se.*

David J. Mason, of Aledo, for appellee.

Mr. JUSTICE BARRY delivered the opinion of the court:

Causes 74-160 and 74-373 involve appeals of orders entered by the

Circuit Court of Mercer County on two claims between the same parties and have been consolidated here for hearing and disposition. There is no report of proceedings or agreed statement of facts contained in either record on appeal. The pleadings indicate that Clarence Shoemaker, appellant, was the complainant in both causes, and that Fred Geiger was defendant. In no. 74-160, an order was entered for defendant by the circuit court on March 13, 1973, in respect to a complaint to recover $275.46 which was alleged to represent the difference between the amount plaintiff paid defendant for three angus cows "guaranteed to be safe in calf," and the lesser amount plaintiff recovered on sale of the animals when it was discovered they were not with calf. Plaintiff's post-trial motion was denied in August, 1973, on the grounds that "the evidence at the trial * * * was insufficient to prove plaintiff's claim by a preponderance * * *." In no. 74-373, the complaint was filed by plaintiff on February 24, 1974, to recover an alleged $1200 overpayment made on March 11, 1969, to defendant (which plaintiff discovered immediately) for the purchase of cattle. Defendant's motion to dismiss this claim on the grounds that the cause arose from the same transaction adjudicated in 74-160 was allowed, and appeal is taken from that order.

■■ It is apparent from admissions in briefs filed here that both causes of action between the same parties are merely different claims for damage arising from a single transaction. Both the alleged "guarantee" and the "overpayment" relate to enforcement of the terms of an agreement between the parties for the dissolution of a partnership. A party cannot litigate a cause by parts in different proceedings; a prior adjudication between the same parties is conclusive not only as to matters raised but as to every other element of damage arising from the same transaction of which they had knowledge and ought to have set up as grounds for relief. (See *Menconi v. Davison*, 80 Ill.App.2d 1, 225 N.E.2d 139 (1st Dist. 1967).) The circuit court correctly dismissed the cause in no. 74-373 and that order is affirmed.

In support of his prayer for a new trial in no. 74-160, plaintiff argues that the record shows that defendant offered no proof to dispute the evidence produced by plaintiff, and that where no evidence has been produced by defendant a judgment in his favor is contrary to law.

■■ While we have no report of proceedings or agreed statement of facts in the record here, defendant's brief does admit that the order complained of by plaintiff was entered upon defendant's motion at the close of plaintiff's evidence. Accordingly, accepting as true plaintiff's statement that no evidence was offered by defendant to dispute plaintiff's case, we nonetheless disagree with plaintiff's conclusion of law that such fact

established that the judgment for defendant was error. If at the close of plaintiff's evidence, his proof failed to establish a prima facie case, as the circuit court apparently found to be the fact, then it was proper for the court to enter judgment for defendant as it did, without requiring defendant to come forth with evidence. *Bilyeu v. Plant,* 75 Ill.App.2d 109, 220 N.E.2d 513 (5th Dist. 1966). See also *Drovers National Bank v. Ferrell,* 14 Ill.App.3d 389, 302 N.E.2d 417 (1st Dist. 1973).

■■ In the absence of a report of proceedings or agreed statement of facts within the meaning of Supreme Court Rule 323 (Ill. Rev. Stat., ch. 110A, § 323), we are unable to review the issue of whether the circuit court erred in deciding that plaintiff's evidence failed to establish a prima facie case. It is the responsibility of appellant seeking review of such an issue to see that the record on appeal is complete; in the absence of a complete record, we are required to presume that the evidence supports the circuit court's judgment. (*Aurora Packing Co. v. Bolingbrook Inn Co.,* 27 Ill.App.3d 186, 325 N.E.2d 639 (3d Dist. 1975); *Nelson v. Nelson,* 17 Ill.App.3d 651, 308 N.E.2d 132 (1st Dist. 1975); *Cohen v. Washington National Insurance Co.,* 2 Ill.App.3d 149, 276 N.E.2d 6 (1st Dist. 1971).) Accordingly, the judgment of the circuit court in no. 74-160 is also affirmed.

Judgment in no. 74-160 is affirmed: judgment in no. 74-373 is also affirmed.

STOUDER and ALLOY, JJ., concur.