HAROLD H. HOEFKER, Plaintiff-Counterdefendant, *v.* JAMES P. GALLAGHER, Defendant-Counterplaintiff.—(JAMES P. GALLAGHER, Third-Party Plaintiff-Appellant, *v.* RALPH H. TOBERMAN, Third-Party Defendant-Appellee.)

(No. 12726;

Fourth District—November 6, 1975.

*Rehearing denied December 3, 1975.*

Dennis A. McGrady, of McGrady, Madden & McGrady, of Gillespie, for appellant.

George E. Ginos, of Hillsboro, for appellee.

Mr. JUSTICE CRAVEN delivered the opinion of the court:

This action was brought by the plaintiff Hoefker against named defendants Ralph Toberman and James Gallagher. Each defendant denied any liability on the small claims complaint of plaintiff and each counterclaimed against the plaintiff. Defendant Gallagher also filed a third-party complaint against his codefendant Ralph Toberman.

We do not have a report of proceedings in this case. From the statement of facts contained in the briefs, we do learn, however, that this proceeding grew out of a claim for property damage by Hoefker against Gallagher and Toberman when vehicles driven by each were involved in an accident on State Route 16, west of Litchfield. In view of the disposition of this case, it is not necessary that we recite the facts, as the same are made available to us from the briefs.

The case was tried before a jury in December of 1973. The jury returned a verdict and found against the plaintiff and for each of the defendants on plaintiff's complaint and found for the plaintiff and against the defendants on each of the defendants' counterclaims. No specific form of verdict was returned with reference to the third-party complaint of Gallagher against Toberman. The trial court denied the post-trial motion and entered a judgment against the third-party plaintiff and for the third-party defendant Toberman, stating in its order that the verdict of the jury shall stand as final against the third-party plaintiff Gallagher.

Gallagher urges that the failure of the jury to return a form of verdict signed as directed on the issues tendered by the third-party complaint deprived the third-party complainant of his right to a jury trial and further contends that the trial court allowed the issues to be confused by improper rulings and instructions.

The record on appeal in this case does not contain a verbatim report of proceedings nor is there a report of proceedings prepared from the best available sources including recollection as provided by Supreme Court Rule 323(c) (Ill. Rev. Stat. 1973, ch. 110A, par. 323(c)), which procedure is available in the absence of a verbatim transcript. In the absence of a report of proceedings, it will be presumed that the court heard sufficient evidence and argument to support its decision. *Nelson v. Nelson*, 17 Ill.App.3d 651, 308 N.E.2d 132; *Cohen v. Washington National Insurance Co.*, 2 Ill.App.3d 149, 276 N.E.2d 6.

Essentially, it is the argument of the third-party plaintiff Gallagher that the action of the trial court in entering a judgment based upon the court's determination of what the intention of the jury was, deprived the third-party plaintiff of his right to a jury trial and that the judgment as entered did not conform to the jury's intention. Initially, we observed

that action by the trial court in interpreting the verdict of the jury does not present a question of a constitutional denial of a jury trial. (*Goldbeck v. Cieslik,* 5 Ill.App.2d 529, 126 N.E.2d 417.) The more important, indeed dispositive, question here is whether the verdict returned by the jury was correctly interpreted by the trial judge to mean that the third-party plaintiff could not recover. We have examined the instructions as given and this record does contain a transcript of the conference on instructions. First, we note that the trial court judge does have authority to make the verdict conform to the intention of the jury as ascertained by him. (*Sesterhenn v. Saxe,* 88 Ill.App.2d 2, 232 N.E.2d 277; *Kinney v. Kraml Dairy, Inc.,* 20 Ill.App.2d 531, 156 N.E.2d 623.) That which the trial court did in this case was not to "create" a verdict as urged by Gallagher but rather to enter a judgment based upon his determination that the jury intended that no party recover. As noted, when the record is as incomplete as is this record, it will be and is presumed that the trial court heard sufficient evidence and argument to support the judgment entered. Upon this record, the judgment of the circuit court of Macoupin County must be and the same is affirmed.

Judgment affirmed.

SIMKINS, P. J., and GREEN, J., concur.