EARL A. McNAUGHT, Plaintiff-Appellee, *v.* WILLARD PLOTKIN *et al.*, Defendants-Appellants.

Third District   No. 76-315

Opinion filed August 31, 1977.—Rehearing denied October 17, 1977.

Michael W. Heller, of Peoria, for appellants.

No brief filed for appellee.

Mr. PRESIDING JUSTICE STENGEL delivered the opinion of the court:

Defendant Willard Plotkin has appealed from a judgment in the amount of $415.93 entered in favor of plaintiff Earl A. McNaught in the Circuit Court of Peoria County.

Plaintiff filed this small claims action to collect money due on account for trucking charges incurred when plaintiff delivered materials shipped from Armstrong Cork Company at Kankakee, Illinois, to its consignee, Columbia Rug Company in Peoria, Illinois. The complaint originally bore a caption naming as defendants "Sam Trope and Columbia Rug and Linoleum Company" but subsequently Trope's name was deleted and Willard Plotkin's name was inserted as a defendant.

Plotkin was served with summons and retained counsel to defend the action. At the ensuing bench trial, plaintiff failed to present any evidence showing Plotkin's relationship to the Columbia Rug Company. Plotkin made a motion to dismiss at the close of plaintiff's evidence and at the close of all the evidence, but in both instances the trial court denied the motion. Eventually judgment was entered in favor of plaintiff, and this appeal followed.

On appeal, Plotkin has filed a brief and, pursuant to Supreme Court Rule 323(a) and (c) (Ill. Rev. Stat. 1975, ch. 110A, par. 323(a), (c)), has also filed a stipulated report of proceedings which includes most of the facts set out above. Plaintiff-appellee has not filed a brief.

■■ In a case such as this, where the appellee fails to file a brief, the reviewing court may not reverse *pro forma*, but must give some consideration to the merits of the appeal. *First Capitol Mortgage Corp. v. Talandis Construction Corp.* (1976), 63 Ill. 2d 128, 345 N.E.2d 493.

Plotkin contends that the judgment of the trial court should be reversed because plaintiff failed to establish that Plotkin had any connection with the Columbia Rug Company, an unincorporated business, and thus failed to prove an essential element of his case. We note that Plotkin has not filed any of the pleadings, orders, or other documents of record. The stipulated report of proceedings does not contain any statement of the evidence offered at trial, but instead states that plaintiff failed to ask any witnesses whether Plotkin was connected with Columbia Rug Company and that defendant offered no evidence indicating that Plotkin was not the owner of the company. Thus we are not informed as to what evidence was introduced, what defense Plotkin offered, or whether any admissions were made by Plotkin.

As we stated in *Aurora Packing Co. v. Bolingbrook Inn Co.* (3d Dist. 1975), 27 Ill. App. 3d 186, 188, 325 N.E.2d 639, 640:

"Where, as in the instant case, the record is inadequate to support the errors urged on appeal, we have no alternative except

to presume that evidence presented to the trial court was sufficient to justify the action taken by the trial court." Also, *Shoemaker v. Geiger* (3d Dist. 1975), 30 Ill. App. 3d 27, 331 N.E.2d 637.

■■ Since the record here consists solely of the stipulated report of proceedings which does not purport to include all of the pleadings and evidence, we must presume that the missing parts of the record support the judgment of the trial court. Accordingly that judgment is affirmed.

Affirmed.

STOUDER and SCOTT, JJ., concur.